APPLETON et al. v. MARX et al.

(Circuit Court of Appeals, Fifth Circuit. May 8, 1894.)

No. 199.

RES JUDICATA—REVERSAL IN PART ON APPEAL—ACCOUNTING BY ADMINISTRATOR.

A plea setting up, in bar of a suit for an accounting by an administrator, judgments of a county probate court approving his accounts filed in that court cannot be sustained on evidence showing that, on appeals duly prosecuted from said judgments to a district court, judgment was rendered disapproving and disallowing the accounts, and sustaining the objections thereto except as to commissions allowed.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

The appellants, Minnie M. Appleton, and T. J. Appleton, her husband, citizens of the state of Michigan, claiming to sue in the right of the said Minnie M. Appleton, and as next friends of James M. Strong, an infant, filed a bill in the circuit court of the United States for the eastern district of Texas against Joseph Marx, L. C. De Morse, and others, citizens of Bowie county, in the state of Texas, and Max Munzesheimer, S. Cory, and F. M. Duncan, nonresidents of the state of Texas. The bill charges, in substance, that in November, 1884, James Strong died intestate in the state of Michigan, leaving surviving the said Minnie M. Appleton (then Minnie M. Strong), his wife and widow, and the said James M. Strong, his only child and heir at law, then an infant two years old; that on May 7, 1885, the defendant Joseph Marx was duly appointed temporary administrator of the estate of said James Strong, deceased, by the county court of Bowie county, Tex.; that on the same day the said defendant Joseph Marx gave bond as temporary administrator in the sum of $50,000, with all the other defendants as sureties on said bond, which bond was duly received, approved, and filed; that on the same day the said Joseph Marx qualified as said temporary administrator, and entered upon the duties thereof; that on the 20th day of June, 1885, the said Joseph Marx filed in the county court of Bowie county an inventory and appraisement of the estate of said James Strong, deceased, in which he showed numerous claims due and owing to said estate, secured by mortgage and other liens, recapitulating the same; that on June 9, 1885, and on January 27, 1886, and January 25, 1887, the said Joseph Marx, as temporary administrator, collected certain claims, amounting to about $19,500, belonging to the estate of James Strong, deceased. That on October 1, 1884, the said James Strong, then living, placed in the hands of the said Joseph Marx a promissory note against the firm of Frost & Ferguson, in Miller county, Ark., for $850, which note belonged to said Strong, and was placed in the hands of Marx for collection; that on January 1, 1885, the said Marx collected the said note, with $50 interest due thereon, which said sum of money was assets in the hands of said Marx when he was appointed as tem-

porary administrator, and should have been included in the inventory and appraisement of the estate of said James Strong, and is now a proper charge against said Joseph Marx as such temporary administrator; that in January, 1885, the said Joseph Marx received from the Kaiser Lumber Company a large sum of money as the proceeds of the sale of lumber, machinery, etc., belonging to the estate of said James Strong, which said money was assets belonging to the estate of said James Strong, and in the hands of said Marx when he was appointed temporary administrator, and should have been included in the inventory and appraisement of the property and estate of said James Strong; that the said James Strong owned and possessed 250,000 feet of lumber, which was of the value of $2,500, and that the said Joseph Marx, through willful and gross negligence, failed to include said lumber and property in the appraisement of the assets of the said Strong, and through willful and gross negligence failed to take the said lumber into his possession, and failed to keep and preserve the same, but suffered and allowed W. Behan, W. B. Kaiser, and J. M. Kaiser, three of the sureties on his bond as temporary administrator, to take and convert the said lumber to their own use and benefit, whereby the said lumber and property was totally lost to the estate of said Strong, deceased, whereby the said Marx became liable and bound to pay orators the value of said lumber and property, with interest, for permitting and allowing said waste; that at the March term, 1887, of the district court of Bowie county, Tex., the said temporary administration of the estate of said James Strong, deceased, was determined, ended, and closed by the said court by its proper judgment, and that, by the judgment of said court, the said Marx, as such temporary administrator, was ordered and commanded to deliver up and turn over all the property, money, and assets then in his hands belonging to said estate to those entitled to receive the same, which judgment has never been set aside, modified, or appealed from; that there never was any regular administration of the estate of said James Strong, nor any necessity for an administration of said estate, for there were no outstanding debts on said estate at the death of said James Strong; that orators Minnie M. Appleton and James M. Strong were the sole owners, and were entitled to the immediate possession, of all of the property and assets belonging to the estate of said James Strong, deceased, as the surviving wife and only child and heir at law of said James Strong, deceased. That in pursuance of said judgment of the district court, orators did, on the 21st of March, 1887, make a demand on said Joseph Marx, as such temporary administrator, for possession of all the property, claims, money, and assets belonging to the estate of said James Strong, deceased, which demand said Marx failed and refused to comply with; that said Marx, as temporary administrator, converted to his own use and benefit all the property, claims, money, and assets belonging to the estate of James Strong, deceased, as the same had come to his hands and possession, and thereby committed a total waste of the whole of said estate that had been committed to his charge by virtue of the appointment; and that in March, 1887, the time when the said temporary administration was closed, and when said Marx, as temporary administrator, converted to his own use and benefit all the property, claims, etc., the said Minnie M. Appleton was a married woman, the wife of T. J. Appleton, the co-complainant, and the said James M. Strong was and is an infant under 21 years of age. The bill prayed for process, and for judgment and decree against all of the defendants for the full amount of the several sums of money mentioned in the bill, and for the full amount of the property, claims, money, and assets mentioned and specified in the said inventory and appraisement, together with interest on all of said amounts at the rate of 8 per centum per annum from March 21, 1887, and for general relief.

To this bill the defendants demurred for want of equity, and specially excepted that the county probate court of Bowie county, Tex., had sole, exclusive, original jurisdiction of the matters and things complained of in the bill. This demurrer was not properly verified, because not supported by the affidavit of the defendants that it was not interposed for delay. See Equity Rule 31. The demurrer coming on, however, to be heard, the court sustained the same as to the allegations in the complainants' bill as to the

closing of the administration, but overruled it as to the jurisdiction of the court and as to the want of equity in the bill, and complainants were given leave to amend; whereupon the complainants filed an amendment, by which it was alleged that on February 5, 1886, the defendant Marx filed his report as temporary administrator of the estate of James Strong, deceased, in the county court of Bowie county, Tex.; that the complainant Minnie M. Appleton (then Minnie M. Strong) filed objections and exceptions to the said report, the said James M. Strong, then an infant, not being a party to the proceedings in said county court; that on February 20, 1886, the defendant Marx filed a supplemental report as temporary administrator, showing the condition of the said estate, and the amount of cash in his hands as temporary administrator; that the two reports filed by Marx on February 5, 1886, and the report filed on February 20, 1886, and the objections and exceptions of Minnie M. Strong, surviving wife, were heard and a judgment rendered thereon by the county court of Bowie county, Tex., approving and confirming the said report, and overruling the said objections and exceptions, from which judgment the said Minnie M. Strong appealed to the district court of Bowie county in the state of Texas; that on March 1, 1886, the said Minnie M. Strong (now Minnie M. Appleton) filed an appeal bond, as required by law, whereby the said cause was duly appealed to said district court for a trial anew; that on March 19, 1887, the said case was tried by the district court of Bowie county, and a final judgment rendered therein, whereby the said temporary administration of the defendant Joseph Marx of the estate of James Strong, deceased, was determined, ceased, and ended, which judgment has never been appealed from, set aside, or changed; that the district court, in the last-named judgment, reversed, revised, and reformed the said judgment of the county court in favor of Mrs. Minnie M. Strong, and closed the said temporary administration, and ordered said Marx, as the temporary administrator, to surrender up and turn over to the parties entitled thereto all the moneys and assets belonging to the said estate; that on January 21, 1889, the records and papers of the district court of Bowie county were totally destroyed by fire, and that the judgments of the district court, and the judgment of the county court, and nearly all of the original papers in said temporary administration, were destroyed by the said fire; whereupon they prayed as they had prayed in the original bill, but waiving answer under oath.

To the bill as thus amended the said defendants renewed and propounded the demurrer filed to the original bill, and again alleging want of equity, and that the plaintiffs, if they have any action at all, have a complete and adequate remedy at law. This repropounded demurrer was not verified according to equity rule 31. However, the same came on to be heard, and was sustained, with leave to the complainants to further amend by the rule day in March, 1892; and thereupon the complainants again amended, reciting substantially the same facts as recited in the original bill and its first amendment, but therein more specifically and at greater length, with more adjectives, and charging fraud and false accounting against the said Joseph Marx, as the temporary administrator. In this last amendment to the bill the complainants prayed for an accounting against the said Joseph Marx; that the distributive share of the residue of the estate due Minnie M. Appleton be ascertained, and a decree entered allowing the said Minnie M. Appleton her said distributive share of the estate of said James Strong, deceased; that the said residue of said estate be partitioned and divided between Minnie M. Appleton and said James M. Strong equally, share and share alike; that the distributive share due to James M. Strong be ascertained, and a decree entered allowing the same, and for a decree making a final partition, division, and distribution of the entire residue of said estate among the distributees as their respective rights may be shown to the court; and they again prayed for judgment and decree against Marx, as temporary administrator of the estate of James Strong, deceased, as principal, and his codefendants, as sureties, for the full amounts of the several sums of money mentioned and specified in this amended bill and their original, first amended bill, together with interest, costs, etc. As before, the defendants demurred, and on the same grounds, but with a different result; for, at the

September term, 1892, the court overruled the demurrer and exceptions, giving leave, however, for the defendants to answer. Thereupon, in November, 1892, the defendants generally, without particularly naming any of them, filed a plea as follows: "To so much of plaintiffs' bill as demands and prays for an accounting by defendant Joseph Marx, as administrator of the estate of James Strong, deceased, that such accounting has been fully made and acted upon and approved before a competent jurisdiction, to wit, the county [probate] court of Bowie county, Texas, at the February term, A. D. 1886, of said court, in the matter of the administration of the estate of said James Strong, deceased, in said court, then defending, wherein the final account report of the said Joseph Marx, as administrator of said estate, came on regularly to be heard, and the plaintiffs herein then and there appeared and objected and excepted to said final account and report, the plaintiffs alleging, in objection thereto, the same matters set forth in their original and amended bills herein, and upon the trial before said court of said final account and report of said Joseph Marx as administrator as aforesaid was, by the court, approved, and a final judgment approving same duly entered upon the minutes of said county court of Bowie county. Wherefore defendants plead said action and judgment of said court in bar of plaintiffs' bill for an accounting herein. And for further plea in this behalf the defendants say that the defendant Joseph Marx was, at the time of the death of James Strong, a bona fide creditor of said Strong in large amounts, to wit, the sum of nine thousand, six hundred dollars ($9,600.00), besides interest, in which amount the said Strong was justly indebted to said Marx; that said Marx, as such creditor, on the ——— day of May, 1885, applied for and obtained letters of administration upon the estate of said Strong in due and proper manner as provided by law, and without wrong or fraud of any kind, and defendants specially deny that any false or fraudulent representations were ever made by him in any manner to obtain said letters of administration, but the same was made in good faith, to protect his rights as creditor; that the plaintiffs herein appeared in the county court of Bowie county, Texas, wherein said administration was pending, and contested said Marx's right to administer said estate, and said contest was duly, regularly, and finally tried by said court, and it was adjudged by said court that said Marx was a bona fide creditor of said Strong, and was entitled to administer on his said estate, and said court did proceed to appoint said Marx administrator; that he duly qualified, and said estate was by him duly, legally, and regularly administered in said court, and the final report and account of said Marx as administrator was duly approved by said court; that all the above proceedings were regular, fair, and in accordance with law, and in a court of competent and exclusive jurisdiction; that said orders and judgments have never been reversed or set aside, but were appealed from by plaintiffs herein, contestants in said proceedings, to the district court of Bowie county; that said appeal was abandoned by plaintiffs, and plaintiff Minnie M. Appleton, for the first time, in the district court of Bowie county, offered and tendered a bond to withdraw said estate from administration, and said district court accepted the same, and entered an order withdrawing said estate from administration, which said action and order of said district court defendants say was without and beyond its jurisdiction, and was void; that said action operated an abandonment of the appeal, and the original orders, action, and judgment of the county court aforesaid were and now are final. Whereupon," etc. This plea was verified by the affidavit of the solicitor for the defendants to the effect that the matters of fact stated in the above plea are true; but there was no certificate of counsel that, in his opinion, said plea was well founded in point of law, nor any affidavit by any defendant that it was not interposed for delay, or that it was true in point of fact.

The evidence pertinent to the plea shows that Joseph Marx was appointed temporary administrator of the estate of James Strong, deceased, by the county court of Bowie county, Tex., on the 7th day of May, 1885; that on the same day he qualified as such temporary administrator by taking the oath and giving bond in the sum of $50,000; that on the 20th day of June, 1885, said Marx filed a sworn inventory, and on the 5th of February, 1886, filed a report in the county court of Bowie county as temporary administrator,

wherein he admitted the collection of a large sum of money, and alleged an appropriation of much of it in payment of his own indebtedness; and on the same day, February 5th, filed an additional report, showing appropriation of more of the funds collected to the credit of the estate, and that afterwards, on February 20, 1886, filed an additional report, showing amount of funds of said estate on hand at date of same to be $15,340, and asking an allowance of 5 per cent. commission for receiving said moneys. To the reports filed February 5th, Mrs. Minnie M. Strong, surviving wife of James Strong, filed exceptions, wherein she objected to the credits claimed or suggested by Marx, and afterwards filed objections to the report of February 20th. The objections to the said reports filed February 5th came on to be heard before the county court of Bowie county at a regular term, February 19, 1886, and the said court entered the decree following: "This day came on to be heard the report of J. Marx, temporary administrator of the estate of James Strong, deceased, was examined and approved and administrator ordered to pay court cost out of the funds the estate in his hands, and he further ordered forthwith deliver the estate remaining in his possession to the person legally entitled to the possession of the same. Mrs. Minnie M. Strong, by her attorney, gives notice of appeal in open court to the district court of Bowie county, Texas, and, it appearing to the court that there is a contest pending over the appointment of a permanent administrator, it is ordered that this temporary administrator be continued until the termination of said contest, from which judgment the said Minnie M. Strong has appealed to our district court of Bowie county, Texas." And thereafter the objections to the report of February 20th were heard and overruled. From these judgments of the court, Mrs. Strong prosecuted an appeal to the district court of Bowie county, when the following decree was rendered: "This cause was this day called for trial, whereupon came the parties plaintiff and defendant, by their attorneys, and announced ready for trial. It being made to appear, since the institution of this suit, plaintiff Minnie M. Strong has intermarried with one T. J. Appleton, on motion of plaintiff said T. J. Appleton was made a party plaintiff with his said wife (now Minnie M. Appleton), and suit ordered to proceed in their name as plaintiffs. Thereupon came on to be heard the objections of plaintiffs to the report of defendant filed in the county court of Bowie county, as follows, viz.: Two reports filed on the 5th day of February, 1886, and one report filed on the 20th day of February, 1886. And it appearing to the court that plaintiff's objection to said two first-named reports filed on the 5th day of February, 1886, are well taken, and that the law is for the plaintiffs, it is ordered, adjudged, and decreed that said two reports be disapproved and not allowed, and judgment is hereby rendered for plaintiffs, sustaining their objection to said two reports, and that defendants take nothing thereby. It is further ordered, adjudged, and decreed that the said report marked, 'Filed on the 20th day of February, 1886,' showing amount of funds of said estate on hand at date of same to be fifteen thousand three hundred and forty dollars, and asking an allowance of five per cent. commission for receiving said moneys, be allowed, and approved as to allowance of said commission, and that plaintiffs' objection be overruled. It is therefore considered and adjudged that defendant be allowed as commissions for receiving said moneys the sum of seven hundred and sixty-seven dollars, and that said temporary administration be closed. It is further ordered that a certified copy of this judgment be transmitted to the county court of Bowie county for observance."

The evidence further shows that on the 4th day of May, 1885, Joseph Marx filed his petition in the county court of Bowie county, state of Texas. suggesting the death of James Strong, his domicile in Bowie county, Texas, a large estate, consisting of real and personal property and choses in action, the indebtedness of Strong to petitioner in the sum of about $10,000, and asking to be granted letters of administration of said estate. To this application Mrs. Minnie M. Strong, surviving wife of James Strong, filed exceptions and objections, among other things denying that said Joseph Marx was a creditor of said estate, because his pretended debt against said estate was fraudulent. illegal, and not a bona fide debt against said estate; declaring there were no other creditors; and tendering a bond in the sum of $20,000, conditioned

that the obligors would pay the debt of said Joseph Marx upon the establishment thereof by a suit in a court of competent jurisdiction. The application of Joseph Marx for permanent letters of administration came on to be heard before the county court on the 20th day of February, 1886, and thereupon the court decreed: "It is therefore considered, ordered, adjudged, and decreed by the court that the objection of the said Minnie M. Strong to the application of the said Joseph Marx for permanent letters of administration be, and the same are hereby, overruled, and that the applicant, Joseph Marx, be, and he is hereby, appointed administrator of the estate of the said James M. Strong, deceased, and that the clerk of this court be, and he is hereby, directed to issue letters of administration on said estate to Joseph Marx upon his giving bond in the sum of fifty thousand dollars, conditioned payable and approved as the law directs, and William Behan, A. L. Ghio, and A. J. Hoffman be, and they are hereby, appointed appraisers of said estate; to all of which Minnie M. Strong, by her counsel, excepts, and in open court gives notice of appeal to the district court of Bowie county, Texas." The appeal prayed for above was perfected to the district court. When the matter came on to be heard in the district court, the following proceedings were had, as testified to by Mr. Todd, the counsel for Joseph Marx (reference being had to parol testimony because of the alleged destruction of the Bowie county records by fire): "Immediately thereafter came on to be heard the appeal from the judgment of the county court appointing Joseph Marx permanent administrator of the estate, and, when that matter was called up, the counsel for the contestant, Mrs. Appleton, complainant in this suit, arose in his place in court, and stated to the court, in substance, that the contest was based upon the denial of the genuineness of the notes claimed to be held by Marx against Strong, and consequently the denial that he was a creditor entitled him to administration, but that all parties interested had agreed to submit the original notes, with a large number of admittedly genuine signatures of Strong, to an expert, Rhodes Fisher, of Austin, and abide by his decision as to whether the notes were genuine or not; that after some time the said expert, Rhodes Fisher, had rendered a decision, deciding that the notes were genuine, and the contestant's counsel then stated to the court that they did not further insist upon their contest on that ground, but withdrew it. At the same time the counsel offered to the district court to make a bond to secure other claims against the estate which had not been allowed by the court, and asked to withdraw the estate from administration. The court fixed the amount of the bond at $6,000,—being about double the amount of claims which had been disallowed by the district court at the former order,—and a good and sufficient bond was tendered by Mrs. Appleton as principal, Mr. Sliter, Capt. F. M. Henry, W. H. Tilson, and J. H. Henderson as securities. Thereupon, the contest having been withdrawn, the district court affirmed the appointment of Joseph Marx as permanent administrator, and in the same order accepted the bond in the sum of $6,000 to secure other claims, and make a final order withdrawing the estate from administration, closing it up, and ordering the administrator, Joseph Marx, to deliver to the persons entitled to the same, upon their demand, all the property in his hands belonging to the estate of James Strong."

On submission of the evidence, the court below entered a decree as follows: "On this day, this cause being called, and it appearing to the court that heretofore, to wit, on May 17, 1893, at Paris, in chambers, upon hearing then and there and upon plaintiffs' original bill and amendments, the defendants' plea, and the plaintiffs' replication, and the issues joined, and the evidence and argument thereon, the plea of the defendants herein was sustained by the court and found to be true, and defendants' general demurrer having been sustained to plaintiffs' bill as to all other allegations and issues not put in issue by said plea, and it was adjudged that said plea meets all the equities alleged in plaintiffs' bill, it was ordered, adjudged, and decreed that said plea of defendants be sustained, and that final judgment be entered at the regular term of this court sustaining said plea, and dismissing the plaintiffs' bill, which order was duly certified and is of record: It is therefore considered, ordered, and adjudged and decreed that said order so made in vacation, as aforesaid, be, and the same is hereby, approved, and in all things

confirmed, and it is now here ordered and adjudged and decreed by the court that the plea of the defendants herein be and is sustained and held to be true, and the plaintiffs' bill herein be and is hereby finally dismissed, without prejudice to any action at law by plaintiffs; and that plaintiffs pay all costs in this behalf incurred and expended, for which execution may issue in favor of the defendants and officers of the court." From this decree plaintiffs appealed to this court.

F. M. Henry, for appellants.

Chas. S. Todd, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge (after stating the facts as above).

Appellants assign as error to be corrected in this court that the court below sustained appellees' plea and dismissed the bill and amended bills, when the court ought to have rendered a decree overruling the plea, and giving the complainants, appellants here, the relief prayed for in the bill and amended bills, and, as they allege, sustained by the evidence. "At the hearing, upon a plea in equity and a general replication, no fact is in issue but the truth of the matter pleaded." Farley v. Kittson, 120 U. S. 303, 7 Sup. Ct. 534. "The plaintiff may set down the demurrer or plea to be argued, or he may take issue on the plea. If, upon an issue, the facts stated in the plea be determined for the defendant, they shall avail him as far as in law and equity they ought to avail him." Equity Rule 33. "When a plea in bar meets and satisfies all the claims of the bill, and it is sustained, it will, under equity rule 33, avail the defendant so far as to require a final judgment in his favor." Horn v. Dry Dock Co., 150 U. S. 610, 14 Sup. Ct. 214. "At the hearing upon a plea in equity and a general replication, if the plea be overruled, the defendant must be assigned to answer the bill by the next rule day." Equity Rule 34; Farley v. Kittson, supra. "The proper office of a plea is not like an answer admitting all the allegations of the bill, nor like a demurrer admitting those allegations, to deny the equity of the bill; but it is to present some distinct fact which of itself creates a bar to the suit or to the part to which the plea applies, and thus to avoid the necessity of making the discovery asked for, and the expense of going into the evidence at large. Mitf. Eq. Pl. (4th Ed.) 14, 219, 295; Story, Eq. Pl. §§ 649, 652." Farley v. Kittson, supra. Farley v. Kittson is also authority for the proposition that, unless new matter is alleged in the plea, even if the plea be put at issue, it raises no question but questions of law.

The evidence shows that the judgments of the county court of Bowie county, Tex., approving the accounts filed therein by Joseph Marx as temporary administrator of James Strong, deceased, were not only appealed to the district court, but that the appeals were duly prosecuted, and judgment had thereon, in the said district court, by which the two reports filed February 5th, which related to the general accounts of Joseph Marx, administrator, were disapproved and disallowed, and judgment in that behalf given in

favor of plaintiffs, sustaining their objections to said two reports, and that the report of February 20, 1886, which purported to show the amount of funds of said estate on hand at the date of the same to be $15,340, and asking an allowance of 5 per cent. for receiving said moneys, was allowed and approved only as to allowance of said commission of $767. As there is no doubt about the jurisdiction of the district court of Bowie county, Tex., in the matters shown to have been appealed thereto from the county court, the plea, so far as it attempts to establish that the complainants are barred of their action because there had been a full and final accounting in the county court of Bowie county, is not supported by the evidence. Whether the district court of Bowie county had original jurisdiction to accept the bond of complainants, and thus end the judicial administration of Strong's estate, we do not feel called on to decide, because it is a question not properly presented for consideration at this time, and because it seems that, whether the administration be closed or still pending in the state court, the complainants' suit may be prosecuted. Payne v. Hook, 7 Wall. 431; Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906. The conclusion which we reach in the matter of the plea is that, so far as it is intended to meet any of the claims of complainants' bill, it is not sustained by the evidence, and ought to have been overruled. The decree of the circuit court appealed from is reversed, and the cause is remanded, with instructions to enter a decree overruling the defendants' plea, and with costs, and assigning the defendants to answer by the following rule day.