---

### EVELETH v. SOUTHERN CALIFORNIA RY. CO.

(Circuit Court, S. D. California. June 15, 1903.)

1. **EQUITY—HEARING ON PLEA AND REPLICATION—ISSUES.**
   On a hearing on a plea, replication, and proofs, nothing is in issue except the truth of the matters pleaded; and where the proofs sustain the averments of the plea, the sufficiency of which has been previously adjudged, the result must be a dismissal of the bill.

In Equity. Hearing on plea and replication.

John D. Pope, for complainant.
C. N. Sterry, T. J. Norton, and Henry J. Stevens, for defendant.

ROSS, Circuit Judge. The amended bill in this suit alleges, in substance, that while the complainant was being carried as a passenger for hire on one of the trains of the defendant from Los Angeles to San Diego, in the state of California, the train was derailed near Del Mar, by reason of which the complainant received severe injuries, and that the derailment was occasioned by the negligence of the defendant in the matter of the maintenance of its road and in the operation of its train; that the accident occurred on the 7th day of March, 1896, and that on the 24th day of March, 1897, the complainant employed Messrs. Marsh & Henderson, of Sioux City, Iowa, and Messrs. J. H. Call and George J. Denis, of Los Angeles, Cal., as his attorneys to prosecute his claim for damages growing out of the alleged wrongful acts of the defendant, the terms of which employment are stated in a written contract, a copy of which the bill sets forth; that on the 22d day of July, 1897, the attorneys mentioned brought suit against the defendant in behalf of the complainant for the recovery of $50,000 as damages, which suit the attorneys for the respective parties subsequently stipulated should be compromised and settled for the sum of $1,500, for which sum a judgment should be entered in favor of the plaintiff to the action, and against the defendant, and for which judgment was so rendered and entered by the court on the 25th day of March, 1898, and which sum of money the defendant paid to the attorneys for the plaintiff therein, taking their receipt therefor in full satisfaction of the com-

plainant's claim.   The bill alleges that the complainant did not know of the proceedings leading up to such settlement, nor that the action for damages had been settled, until some time between the 1st and 9th days of April, 1898, on which last-mentioned date he notified Messrs. Marsh & Henderson by letter that he repudiated the settlement; that the complainant has at all times refused to consent to the judgment or to accept any part of the money paid in satisfaction thereof to his attorneys, and has never received any part of the same; that between the 9th day of April and the month of September, 1898, the complainant was traveling from place to place in Mexico, Texas, Arkansas, Colorado, Iowa, and Illinois, seeking relief from pain caused by his alleged injury, but was unable to attend to his business; that about the last of August, 1898, he left Peoria, Ill., for Los Angeles, Cal., to attend to business connected with the suit, and that in September, 1898, he notified the defendant railroad company that he would not abide by the settlement; that at the time the stipulation was entered into by and between the attorneys for the respective parties to the action for damages neither Mr. Call nor Mr. Denis knew the complainant was unwilling to settle the action, but that he is informed and believes that Messrs. Marsh & Henderson and the defendant railroad company had such knowledge, but the bill contains no averment that the complainant ever gave any notice to that effect to either Messrs. Marsh & Henderson or the defendant railroad company.   It is alleged that the sum for which the action for damages was compromised and settled was wholly inadequate to the injuries received by the complainant.

To the amended bill the defendant railroad company filed a plea in bar and an answer in support thereof.   The plea alleged, in substance, among other things, that prior to March 25, 1898, Messrs. Call and Denis made a proposition to the defendant railroad company to compromise the action for damages, and to accept in full satisfaction of the complainant's claim the sum of $1,500; that the defendant company accepted their proposition, stipulating that judgment for that amount should be taken against it, which was done, and upon the entry of which judgment the company paid the full amount thereof to Mr. Denis, taking his receipt therefor, on behalf of the plaintiff to the action, in full satisfaction of the latter's demand; that the defendant company accepted the proposition for compromise not because it believed it was guilty of any negligence whereby the complainant was injured, but solely because it was willing to make a fair and reasonable compromise; that, although the plaintiff to the action had full knowledge of such settlement on and prior to the 9th day of April, 1898, no application was made to set aside the settlement or to vacate the judgment rendered thereon, although the term of the court in which the judgment was rendered continued until the first Monday in August of that year; that the complainant has never tendered a return to the defendant company of the money paid to his attorneys upon such compromise and settlement, but that he and his attorneys have retained the same; that the compromise was made and entered into in good faith on the part of the defendant, with the full belief that the attorneys with whom defend-

ant settled had full power and authority to settle and compromise the action in such manner and upon such terms as to them might seem best. The answer in support of the plea admitted the corporate capacity of the defendant, and that the complainant was a passenger on one of its trains on the 7th day of March, 1896, and was being carried for hire from Los Angeles to San Diego, Cal., and that the train on which he was a passenger was derailed, but it denied all of the allegations of the bill as to the defendant company's negligence, and as to notice that the complainant was not willing to and had not consented to a settlement of the action, and as to the alleged inadequacy of the compensation for his alleged injuries.

The complainant caused the plea to be set down for argument, after which argument the plea was sustained by the court. Thereafter the complainant filed a general replication thereto, and upon the issues thus made testimony has been taken and is now submitted.

It is well settled that upon such a plea, replication, and proofs nothing is in issue but the truth of the matter pleaded. United States v. California & Oregon Land Company, 148 U. S. 37, 13 Sup. Ct. 458, 37 L. Ed. 354; Farley v. Kittson, 120 U. S. 303, 7 Sup. Ct. 534, 30 L. Ed. 684; Dalzell v. D. W. Case Mfg. Co., 149 U. S. 317, 13 Sup. Ct. 886, 37 L. Ed. 749; Appleton v. Markx, 62 Fed. 638, 10 C. C. A. 555; Hartz v. Cleveland Block Co., 95 Fed. 682, 37 C. C. A. 227; Bean v. Clark (C. C.) 30 Fed. 225; Beach on Modern Equity Practice, § 337.

The sufficiency of the plea itself has already been established by the judgment heretofore rendered herein, and if the proof establishes the truth of the facts pleaded nothing remains to be done but to dismiss the bill. That the proof does establish the truth of the matters pleaded in bar of the suit is clear, and, indeed, does not seem to be seriously controverted. It results that the plea must be sustained, and the bill dismissed, at the complainant's cost.

It is so ordered.