Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 Theijurisdiction of the Circuit Court for Missouri to hear this cause is denied, because, in that State, exclusive jurisdiction over all disputes concerning the duties or accounts of administrators, until final settlement, is given to the local county court, which, is the Court of Probate; and as the administration complained' of is still in progress in the County Court of Calloway County, resort must be had to that court to correct the errors and frauds in the accounts of the administrator.
 

 The theory of the position is this: that a Federal court of chancery, sitting in Missouri, will not enforce demands against an administrator or' executor, if the court of the State, having general chancery powers, could not enforce similar demands. In other words, as the complainant, were she a citizen of Missouri, could obtain a redress of her grievances only through the local Court of Probate, she has no better or different rights, because she happens to be a citizen of Virginia.
 

 If this position could be maintained, an important part of the jurisdiction conferred on the Federal courts by the Constitution and laws of Congress, would be abrogated. As the citizen of one State has the constitutional right to sue a citizen of another* State in the courts of the United States, instead of resorting to a State tribunal, of what value would that right be, if the court in which the suit is instituted
 
 *430
 
 could not proceed to judgment, and afford a suitable measure o.f redress? The right would be worth nothing to the party entitled to its enjoyment, as it could not produce any bene,ficial results. But this objection to the jurisdiction of the Federal tribunals has been heretofore presented to this court, , and overruled.
 

 ¥e have, repeatedly held “that the jurisdiction of the courts of the United States over controversies between citizens of different States, cannot be impaired by the laws of the States, which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial , power.”
 
 *
 
 If legal remedies are sometimes modified to suit the' changes in the laws of the States, and the practice of their courts, it is not so with, equitable. The'equity jurisdiction conferred on the Federal courts is the same that the High Court of Chancery in England possesses; is subject to neither limitation or restraint by State legislation, and is uniform throughout the different States of-the Union.
 
 †
 

 The Circuit Court of the United States for the District of Missouri, therefore,, had jurisdiction to hear and determine this controversy, notwithstanding the peculiar structure of the Missouri probate system, and was bound to exe'rcise it, if the bill,'according to the received principles of equity, states a case for equitable relief. The absence of a complete and adequate remedy-at law, is the only test of equity jurisdiction, and the application of this principle to a particular case must depend on the character of the case,, as disclosed in the pleadings.
 
 ‡
 

 “It is uot enough that there is a remedy at law. It must ' be plain and adequate, or, in other words, as practical'and efficient to the ends of justice, and its prompt administration, as the remedy in equity.-”
 
 §
 

 
 *431
 
 It is very evident that an action at common law, on the bond of the administrator, would not give to the complainant a practical and efficient remedy for the wrongs which, she. says, she has suffered. A proceeding at law is not flexible • enough to reach the fraudulent conduct of the administrator, which is the groundwork of this bill, nor to furnish proper relief against it. It is, however, well settled that a court of chancery, as an'incident to its power to .enforce trusts, and make those holding a fiduciary relation account, has jurisdiction to compel executors and administrators to account and distribute the assets in their hands. The bill under review has this.object, and nothing more. It seeks to compel the defendant, Hook, to account and pay over to Mrs. Páyne her.rightful share in the estate of her brother; and in case he should not do it, to fix the liability of the sureties on his bond.
 

 But it is said the proper parties for a decree are not before the court, as. the bill shows there are other distributees besides the complainant.. It is undoubtedly true that all.persons materially interested in the subject-matter of th.e suit sho.uld be made parties to it; but this rule, like all general rules, being founded in convenience, will yield, whenever it is necessary that it should yield, in order to accomplish, the ends of justice. It will yield, if the court is able to proceed to a decree, and do justice to the parties before it, without injury to absent persons, equally interested in the litigation, but who cannot conveniently1 be made parties to the suit.
 
 *
 

 The necessity for the relaxation qf the rule is more especially apparent in the courts-iof the United States, where, oftentimes, the enforcement of the rule would oust them of their jurisdiction, and deprive parties entitled to the interposition of a court of equity of any remedy whatever.
 
 †
 

 The present case affords an ample illustration ■ of this necessity. The complainant sues as one of the next of kin,
 
 *432
 
 and names the other distributees, who have the same common interest, without stating of what particular State they are citizens. It is fair to presume, in the absence of any* averments to. the contrary,' that they are citizens of Missouri. If so, they could not be joined as plaintiffs, for that would 'take away the jurisdiction of the court;' and why make them defendants, when the controversy is not with them, but the administrator and his, sureties ? It can never be indispensable to make defendants-of those against whom nothing is alleged and from whom no relief is'asked. A. court of equity adapts .its decrees to the necessities of each case, and should the present suit terminate in a decree against the defendants, it is easy to do substantial justice to all the parties in interest, and prevent a multiplicity of suits, by allowing the other distributees, either through a reference, to a master, or by some other proper proceeding, to come in and share in the benefit of the litigation.
 
 *
 

 , The next objection which we have to consider is, that-the sureties .of the administrator are not proper parties to this suit. Their liability on the bond in an action at law is not denied, but it is.insisted they cannot be supd in equity. If this doctrine were to prevail, a court of chancery,-- in the exercise of its power to compél an administrator to account, for the property of his intestate, would be unable tq do complete justice, for if, on settlement of the accounts, a balance should be found due the estate, the parties- in interest, in case the administrator should fail to pay, would be turned over to a court of law, to renew the litigation with his sureties. A court of equity does not act in this way. It disposes 'of a case-so as to end litigation,-not to foster it; to. diminish suits, not to multiply them. Having power tcC determine the liability of the administrator for his misconduct, it necessarily has an equal .power, in order to meet' the possible exigency of the administrator’s inability to' satisfy the decree, to settle the amount which the sureties, on the bond, in that event, would have to pay.
 

 
 *433
 
 Besides, it is for the interest of the sureties that they should be joined in the suit with their principal, as it enables them to see that the accounts are correctly settled, and the administrator’s liability fixed on a proper basis. If they ■ were .not made parties, considering the nature and extent of their obligation, they would have just cause of complaint. .
 

 It is said the bill is multifarious, but we cannot see any ground for such an objection.. A bill cannot be said to be multifarious unless it embraces distinct matters, which do ■ not affect all the defendants alike. This ease involves but a single matter, and that is the true condition of the estate of Fielding Curtis, which, when.ascertained, will'determine the rights of the next of kin. In this investigation all the' defendants are jointly interested. It is true the bill seeks to open the settlements with the Probate Court as fraudulent, and to cancel the receipt and transfer from the complainant to the administrator, because obtained by false representations; but the determination of these questions is necessary to arrive at the proper value of the estate, and in their determination the sureties are concerned, for 'the very object of the bond which they gave was to protect the estate against frauds, which the administrator might commit to its prejudice.
 

 The decree of the Circuit Court for the District of Missouri is reversed, and this cause is remanded to that court with instructions to proceed in • conformity with this opinion.
 

 *
 

 Hyde
 
 v.
 
 Stone, 20 Howard, 175; Suydam
 
 v.
 
 Broadnax, 14 Peters, 67; Union Bank
 
 v.
 
 Jolly’s Administrators, 18 Howard, 503.
 

 †
 

 Green’s Administratrix
 
 v.
 
 Creighton, 23 Howard, 90; Robinson
 
 v.
 
 Campbell, 3 Wheaton, 212; United States
 
 v.
 
 Howland, 4 Wheaton, 108; Pratt et al.
 
 v.
 
 Northam et al., 5 Mason, 95.
 

 ‡
 

 Watson
 
 v.
 
 Sutherland, 5 Wallace, 78.
 

 §
 

 Boyce's Executors
 
 v.
 
 Grundy, 3 Peters, 210.
 

 *
 

 Cooper’s Equity Pleading, 35.
 

 †
 

 West
 
 v.
 
 Randall, 2 Mason, 181; Story’s Equity Pleading,
 
 §
 
 89 and
 
 sequenti
 
 a.
 

 *
 

 West
 
 v.
 
 Randall, supra; Wood
 
 v.
 
 Dummer, 3 Mason, 317 ; Story's Equity
 
 Pleading, supra.