## DONOHUE and others *v.* ROBERTS and others.

*(Circuit Court, E. D. Missouri.* March 13, 1880.)

ACCOUNT—JOINDER OF ADMINISTRATOR AND SURETIES IN THE SAME SUIT—PAYNE v. HOOK, 7 WALL. 425; 14 WALL. 252, FOLLOWED.—An administrator and his sureties may be joined in a suit against the administrator for an account and settlement, and for judgment against the sureties for the balance found due upon the settlement of such account.

ADMINISTRATOR—SURETIES—FRAUDULENT AND COLLUSIVE CLAIM.—It cannot be determined upon demurrer whether such sureties are liable for the alleged fraud and collusion of the administrator in the proof and allowance of his own individual claim against the estate of his intestate.

In Equity. Demurrer to complaint.

*Lucien Eaton,* for complainants.

*Louis Houck,* for respondents.

McCRARY, J., *(orally.)* This case was submitted upon a demurrer to the complainants' bill. The bill is brought by the heirs of Mrs. Roberts, against her administrator and his sureties, charging fraud in the settlement of the accounts of the estate, and seeking to have a settlement of the amount due from the administrator, and to recover the same as against him and his sureties. The demurrer raises the question whether the two can be joined in one action—that is, a suit against the administrator to settle his accounts and to recover the balance, and at the same time against his sureties to obtain judgment against them for whatever balance may be ascertained. That question has been fully settled by a case which went up from this court and was twice considered by the supreme court of the United States. *Payne* v. *Hook,* 7 Wall. 425; 14 Wall. 252, where the same question was fully considered, and the right to join the administration and his

sureties in such a suit for these purposes, fully sustained. The further question is made, which is this: The administrator of this estate presented a claim in his own behalf, and, for the purposes of the settlement of that claim, a temporary administrator was appointed, called under the statute, I believe, an attorney to represent the heirs. There was a hearing upon that matter, and the claim was allowed. It is now insisted that the sureties of the administrator are not responsible for any fraud committed in that transaction. The bill, however, charges collusion and fraud on the part of the administrator in connection with this transaction, and it will depend, I think, altogether on the proof as to whether he is liable in his official capacity; and if liable, of course his sureties are liable. That matter can be determined only after the proofs are submitted.

The demurrer to the bill is overruled.