## Buford and others *v.* Holley and others.

*(Circuit Court, M. D. Alabama.* May Term, 1886.)

1. COURTS—JURISDICTION OF FEDERAL COURT AS AFFECTED BY STATE LAWS.
   When a right is conferred by a state statute, which is not in conflict with the constitution or laws of the United States, the courts of the United States, sitting in such states, can and must enforce such right in the cases in which such courts have jurisdiction.

2. SAME—JURISDICTION OF UNITED STATES COURT—NEW RIGHTS AND REMEDIES.
   New rights and·remedies may have the effect to add to and increase the business of the court, but that in no proper sense increases the jurisdiction of the court.

3. SAME — CONSTRUCTION OF STATE STATUTES—CONSTRUCTION OF SECTION 721, REV. ST.
   The course of decisions on section 721 of the Revised Statutes has resulted in the rule that not only the state statute, but also the settled construction of

it by the highest court of the state, will be followed by the United States courts, and where it establishes a rule of property it is binding upon the courts of the United States sitting in such states.

4. SAME—VALIDITY OF STATE STATUTE—SECTION 3886, CODE ALA.

Section 3886 of the Code of Alabama, which gives a simple contract creditor the right to go into a court of equity without first obtaining a judgment at law and a return of no property, to reach property which has been fraudulently transferred, whether in the strict sense of the statute a rule of decision or a rule of property, is a law which the state of Alabama is competent to pass, and is operative in the circuit courts of the United States sitting within that state.

5. CONSTITUTIONAL LAW—RIGHT OF TRIAL BY JURY—EQUITY.

If a case made by a bill is one of equity cognizance, the right of trial by jury is not guarantied either by the federal or state constitution.

In Equity. Heard on demurrer to the bill.

*Wm. S. Thorington, J. Falkner,* and *Geo. F. Moore,* for complainants.

*H. C. Tompkins* and *Thomas H. Watts,* for defendants.

BRUCE, J. The bill, briefly stated, is that complainants, who are citizens of the state of Tennessee, are creditors of the defendant J. B. Holley, who is a citizen of the state of Alabama; that the defendant Holley, under circumstances more particularly set out in the bill, has fraudulently assigned, conveyed, or assigned, and attempted fraudulently to convey, assign, and transfer, to various persons—some of them named, others alleged to be unknown—all the property which he owned or which was in his possession, on or about October 31, 1885, with intent   *   *   *   to hinder, delay, and defraud orators and his other creditors, and that said transfers were accepted as aforesaid with knowledge of said fraudulent purpose of said Holley. *   *   *   The prayer of the bill is that the property described in the bill may be subjected to the payment of the claims of orators, the amount of which shall be ascertained by a reference to a master for that purpose, and that the court establish and declare a lien in favor of orators on all the property mentioned in the bill, and for general relief. A number of parties are named as transferees of portions of the property of defendant Holley, and they are made co-defendants to the bill, and they are alleged to be citizens of the state of Alabama. The complainants are simple-contract creditors of the defendant Holley. Their claims have not been reduced to judgment in a court of law, nor do they claim to have any lien upon the property described in the bill, but base their right to maintain this bill upon section 3886 of the Code of Alabama, which provides:

"A creditor, without a lien, may file a bill in chancery to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed by his debtor."

It is insisted by the defendants that this statute can have no operation in the circuit court of the United States sitting in Alabama, for that to give it operation there would be to hold that a state statute can confer jurisdiction upon a United States court. It is not questioned that the bill, so far at least as this objection goes, could be

maintained in the chancery court of the state of Alabama, but it is insisted that this court, deriving its jurisdiction from the constitution and laws of the United States, cannot acquire jurisdiction of the case at bar by virtue of section 3886 of the Code of Alabama, or by virtue of any act which it is competent for the state of Alabama to enact.

The cases relied on by the demurrants are, among others, the case of *Payne* v. *Hook*, 7 Wall. 430, and cases there cited. In that case the court holds that "the equity jurisdiction and remedies conferred by the constitution and statutes of the United States cannot be limited or restrained by state legislation, and are uniform throughout the different states of the Union." It may be admitted that as the states of the Union cannot limit or restrain the jurisdiction of the courts of the United States, neither can they extend or enlarge such jurisdiction; though the cases cited are mainly those, as in the case of *Payne* v. *Hook*, which arose in the state of Missouri, where the jurisdiction of the federal court was sought to be limited by the peculiar structure of the judicial system of that state.

. In the case of *Smith* v. *Railroad Co.*, 99 U. S. 400, the court, in a case which arose in the state of Kansas, where it appears the distinction between legal and equitable remedies has been abolished, said: "The circuit court of the United States of the district has, nevertheless, full equity jurisdiction. The federal courts have it to the same extent in all the states, and state legislatures cannot affect it;" citing *Boyle* v. *Zacharie*, 6 Pet. 648. But the court goes on to say:

"The states may, however, create equitable rights which those courts will enforce where there is jurisdiction of the parties and of the subject-matter;" citing *Clark* v. *Smith*, 13 Pet. 195; *Ex parte McNiel*, 13 Wall. 236.

The court then says:

"This bill, as regards this point, was well filed in the court to which it was addressed. But nothing is better settled than that such a bill must be preceded by a judgment at law establishing the measure and validity of the demand of the complainant for which he seeks satisfaction in chancery;" citing authorities.

An examination of those cases, and of the principle upon which they are founded, will show that there is properly no question of jurisdiction involved here; but the question is whether the law-making power of the state of Alabama was competent to change the rule and the law upon this subject, and give a simple-contract creditor the right to go into a court of equity without first obtaining a judgment at law and a return of no property; and the legislature of Alabama having passed such an act, is it operative in this court? This statute (3886 of the Code) has been expounded by the supreme court of Alabama in several cases.

In *Lehman* v. *Meyer*, 67 Ala. 396, the court say:

"But the real meaning of the statute is that a simple-contract creditor, or a creditor at large, not having a lien by operation of law, shall have an equal

right with a creditor having such lien through the aid of a court of equity to reach property subject to the payment of debts which has been fraudulently transferred."

To the same purport the court, in *Evans* v. *Welch*, in 63 Ala., at page 256, says:

"The purpose of this statute, its meaning and operation, cannot be misapprehended, and there is but little room for construction of it. As to property the debtor has fraudulently conveyed, or attempted to convey fraudulently, the simple-contract creditor is clothed with the same right to resort to a court of equity, entitled to the same remedy and relief, to which he or any other creditor having a lien was entitled before the statute."

To the same effect is the recent case of *Jones* v. *Massey*, in MSS.

We have, then, the effect and operation of this statute as expounded by the supreme court of the state of Alabama, that its purpose was not to extend the jurisdiction of any court, but to change the law, and provide that a simple-contract creditor is entitled to the same remedy and relief against the property of his debtor that a creditor having a lien upon the property was entitled to before the statute. It is not a question of mere practice and procedure, for it must be admitted that neither the jurisdiction of the courts of the United States can be affected by the laws of the states, nor can the procedure in the equity courts of the United States be affected by state legislation; but when a right is conferred by a state statute, which is not in conflict with the constitution or laws of the United States, then the courts of the United States, sitting in such states, can and must enforce such right in the cases in which such courts have jurisdiction.

In the case at bar the parties, complainant and defendant, are citizens of different states, and the amount in controversy is over the sum of $500; and if the case made by the bill is one of equity cognizance at all, then the circuit court of the United States, sitting in Alabama, has jurisdiction, and must administer the law as between the parties, whether that law proceeds from the statute law of the state, or from the principles which have been embodied in our jurisprudence, and which is sometimes, and not inappropriately, designated "the law of the land, or American common law."

To illustrate this principle, and show that there is no question of jurisdiction involved here, allow me to cite the case of *Duffy* v. *Louisville & N. R. Co.*, tried at a recent term of this court. The plaintiff's intestate was killed, as charged in the complaint, by the negligent act of the defendant railroad company, and the plaintiff based her suit upon the statute of Alabama, which provdes:

"When the death of a person is caused by the wrongful act or omission of another, the personal representative may maintain an action against the latter * * * if the former could have maintained an action against the latter for the same act or omission had it failed to produce death."

If the reasoning insisted on by the demurrants in the case at bar be correct, the suit of Duffy should have gone out of court because the

act is obnoxious to the objection insisted upon here that it confers jurisdiction upon the courts of the United States. The answer is that it confers no jurisdiction at all, that is not its purpose or object, but it does confer a right which any court having jurisdiction of the suit will enforce. Jurisdiction is one thing, and the legal rights and remedies to which a party may be entitled is another thing. New rights and remedies may have the effect to add to and increase the business of the court, but that in no proper sense increases the jurisdiction of the court. The law in question does not go to the jurisdiction of the court, but it does go to the rights and remedy to which the complainants are entitled under the law.

In further support of this view of the subject many cases may be cited.

In *Dennick* v. *Railroad Co.*, 103 U. S. 11, the supreme court say:

' A right arising under or a liability imposed either by the common law or the statute of a state may  *  *  *  be asserted and enforced in any circuit court of the United States having jurisdiction of subject-matter and parties."

*Lorman* v. *Clarke*, 2 McLean, 568, contains a full discussion of this subject.

The case of *Ex parte McNiel*, 13 Wall. 237, is, to my mind, so much in point that I must quote the concluding portion of the opinion of the court, for it is not only authority for the view presented in this opinion, but it contains an answer to the argument of the demurrants in this case:

"It is urged further that a state law could not give jurisdiction to the district court. That is true. A state law cannot give jurisdiction to any federal court, but that is not a question in this case. . A state law may give a substantial right of such a character that, where there is no impediment arising from the residence of the parties, the right may be enforced in the proper federal tribunal, whether it be a court of equity, of admiralty, or of common law. The statute in such cases does not confer the jurisdiction. That exists already, and it is invoked to give effect to the right by applying the appropriate remedy. This principle may be laid down as axiomatic in our national jurisprudence. A party forfeits nothing by going into a federal tribunal. Jurisdiction having attached, his case is tried there upon the same principles, and its determination is governed by the same considerations, as if it had been brought in the proper state tribunal of the same locality."

And in the recent case of *Reynolds* v. *Crawfordsville Bank*, 112 U. S. 410, S. C. 5 Sup. Ct. Rep. 216, the court there, quoting from *Broderick's Will Case*, 21 Wall. 503, say:

"Although a state law cannot give jurisdiction to any federal court, yet it may give a substantial right of such a character that, when there is no impediment arising from the residence of the parties, the right may be enforced in the proper federal tribunal, whether it be a court of equity, admiralty, or common law."

If, then, section 3886 is not liable to the objection made, that to give it operation in this court would give it the effect of increasing the jurisdiction of the federal courts, then it follows that, as it affects the rights of parties litigant in this court, it is entitled to the same

full measure of operation that it is in the chancery courts of the state.

In this connection, however, it may be proper to call attention to section 721 of the Revised Statutes of the United States, which provides:

"The laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

The course of decision on this statute has resulted in the rule found in many of the adjudged cases, not only as applied to suits at law, but in equity as well, that not only the state statute, but also the settled construction of it by the highest court of the state, will be followed by the United States courts; and where it establishes a rule of property it is binding upon the courts of the United States, sitting in such states. The cases are numerous, and cover a variety of subjects. For instance, the statutes of limitations of the various states, as applied in suits in the United States courts; the rule as to real property, as in the case of *Suydam* v. *Williamson*, 24 How. 427; a statute of the state of Tennessee as to trusts; and the ruling of the supreme court of that state upon the statute in the case of *Nichols* v. *Levy*, 5 Wall. 433.

In the case of *Green* v. *Neal's Lessee*, 6 Pet. 291, the court say:

"In a great majority of the causes brought before the federal tribunals, they are called to enforce the laws of the states. The rights of parties are determined under those laws, and it would be a strange perversion of principle if the judicial exposition of those laws by the state tribunals should be disregarded. These expositions constitute the law, and fix the rule of property. Rights are acquired under this rule, and it regulates all the transactions which come within its scope."

The supreme court of the United States have not only given us the rule, but the reason also on which it is founded; and the proposition is clear that section 3886 of the Code of Alabama, whether in the strict sense of the statute a rule of decision or a rule of property, it is a law which the state of Alabama was competent to pass (operative, as is admitted) in her courts, and it must be held to be operative in the circuit courts of the United States, sitting within the state.

It was not claimed at the argument that section 3886 of the Code of Alabama was violative of any provision of the constitution or laws of the United States, except as to the right of trial by jury, which will be noticed presently, but the proposition was that the statute in question changed a well-known rule of equity which, if held operative in the courts of the United States, would impair and destroy that uniformity of jurisdiction which belonged to such courts in all the different states of the Union. That objection, however, both upon principle and authority, is unsound when we are dealing with the legal rights of parties litigant in this court in a suit of which the court has jurisdiction both of the subject-matter and of the parties.

In the recent case of *Reynolds* v. *Crawfordsville Bank*, 112 U. S. 405, S. C. 5 Sup. Ct. Rep. 216, the court, speaking by Mr. Justice Woods, quoting and commenting upon the opinion of the court in the case of *Holland* v. *Challen*, 110 U. S. 15, S. C. 3 Sup. Ct. Rep. 495, says:

"In that case a statute of Nebraska was under review, which provided that 'an action may be brought and prosecuted to final decree by any person, whether in actual possession or not, claiming title to real estate against any person who claims an adverse interest therein, for the purpose of determining such interest, and quieting the title.' The court, speaking by Mr. Justice Field, declared, in substance, that this statute dispensed with the general rule of courts of equity, that, in order to maintain a bill to quiet title, it was necessary that the party should be in possession, and, in most cases, that his title should be established at law, or founded on undisputed evidence or long-continued possession."

The question we are now discussing, arising, as it does, upon an Alabama statute, may not have been decided by any appellate court, but the principle which must control in this case is clearly settled by the authority of the two cases last above cited. If it was competent for the legislature of the state of Nebraska to change a rule of equity in the manner indicated, and that such change should be operative in the federal courts sitting in that state, then is it not competent for the state of Alabama to change a general rule of equity, and allow a creditor to proceed at once against the property of his debtor in the case nominated in the statute, without waiting to get a judgment and return of *nulla bona*, by which time his debtor should have opportunity to consummate his scheme of fraud and defeat all remedy?

The wisdom of the Nebraska statute commended itself to the judgment of the supreme court of the United States, (see *Holland* v. *Challen*, 110 U. S. 21, S. C. 3 Sup. Ct. Rep. 498, cited *supra*,) and so this statute of Alabama, without dwelling upon the evils it was intended to prevent, commends itself to all who have a just appreciation of honesty and fair dealing among men in commercial transactions.

The next question is whether the case made by the bill is a case of equity cognizance at all, for it is claimed there is no equity in the bill. In connection with this question we will consider the proposition that section 3886 of the Code of Alabama is unconstitutional, in violation of that provision of the constitution of the state which provides "that the right of trial by jury shall remain inviolate," and also that it is violative of that provision of the federal constitution which provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. * * *" The solution of the question of the equity of the bill determines the question of the right of the defendant, Holley, to a trial by jury in this cause. If section 3886 of the Code is to have full operation in this court, the reading of the section would seem to be an answer to the question of the equity of the bill, for the very ob-

ject of the bill is to set aside fraudulent transfers, and attempted fraudulent conveyances and transfers of property, made as in the case at bar as the bill shows under circumstances well calculated to suggest a scheme of fraud. Fraud is one of the heads of equity jurisprudence, and when fraud is sought to be protected under transfers and conveyances of property, a court of equity is peculiarly adapted to the discovery of such fraud, and to the removal of the bars behind which it seeks to entrench itself.

In *Payne* v. *Hook*, cited *supra*, the rule is broadly stated thus:

"The absence of a complete and adequate remedy at law is the only test of equity jurisdiction. * * * It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity."

To the same effect is *Lewis* v. *Cocks*, 23 Wall. 470.

That a case in equity is made by the bill seems clear; and if this is so, then upon what foundation can the defendant Holley stand, claiming a right to trial by jury, when by the federal constitution the right is limited in terms to suits at common law where the value in controversy exceeds $20?

It was asked, during the argument, if the state of Alabama should give jurisdiction to the chancery courts of the state to render a decree upon a plain promissory note, would that give jurisdiction to the courts of the United States to render such decree; and the answer must be in the negative, for the plain reason that the subject-matter of such a suit according to the received principles of equity jurisprudence is not one of equity, but of legal cognizance only. If the validity and amount of the indebtedness of Holley to the complainants were the only questions to be determined in this suit, then it might well be said there was no equity in the bill, but these are scarcely more than incidents in this suit. The main question here is the setting aside of alleged fraudulent transfers of property which stand in the way of legal remedies, and subjecting such property to the payment of debts according to equity and good conscience. Where questions of amount are involved, as in this case and in the common cases of a foreclosure of a mortgage, the reference for such finding is to a master, according to the practice of courts of chancery in such cases. If the bill has equity in it, then there is no right of trial by jury. *Killian* v. *Ebbinghaus*, 110 U. S. 573; S. C. 4 Sup. Ct. Rep. 232.

As to the point made that section 3886 of the Code of Alabama is a violation of that provision of the constitution of the state which provides that trial by jury shall remain inviolate, it is worthy of remark that this section of the Code has been before the supreme court of the state for consideration, and that court did not find it obnoxious to any constitutional objection, though it is suggested the point was not made in that court. It is, however, safe to say that this right of trial by jury in Alabama is not guarantied in classes of cases other

than those in which jury trials have always been accorded in this state; and if the case made by the bill is one of equity cognizance, then the right of trial by jury is not guarantied either by the federal or state constitution.

The demurrer to the bill based upon the grounds stated in this opinion is overruled.