UNITED STATES EXP. CO. v. POE, Auditor of State of Ohio, et al.

AMERICAN EXP. CO. v. SAME.

(Circuit Court, S. D. Ohio, E. D. April 23, 1894.)

Nos. 675 and 674.

FEDERAL COURTS—JURISDICTIONAL AMOUNT—TAXATION.

In a suit in the federal court to enjoin an assessment under a state law alleged to be unconstitutional, a preliminary injunction will be denied where it appears, by uncontradicted affidavits, that the increased tax imposed by reason of such illegal assessment is less than $2,000, though the averments of the bill are sufficient to give the court jurisdiction.

In Equity. On demurrer. Bills by the United States Express Company against Ebenezer W. Poe, auditor, John K. Richards, attorney general, and William T. Cope, treasurer, of the state of Ohio, and by the American Express Company against the same defendants. Bills dismissed.

Ramsey, Maxwell & Ramsey, for complainants.

J. K. Richards, Atty. Gen., and Thos. McDougall, for respondents.

TAFT, Circuit Judge. These are suits in equity brought to enjoin the collection of taxes under the so-called "Nichols Law" of Ohio, and on the merits present much the same questions which have already been decided in the cases of the Western Union Telegraph Company and the Adams Express Company against the same defendants. 61 Fed. 449, 470. In these cases, however, it clearly appears by affidavit that the difference between the amounts upon which the complainants must pay taxes under the laws in force, if the Nichols law is invalid, and the amounts upon which they are required to pay by the assessments of the defendants as a board of appraisers under the Nichols law, is in the case of the American Express Company but $23,000, and in the case of the United States Express Company but $18,082. The average rate of taxation in Ohio, as shown by the affidavits, is from 2½ to 3 per cent. Such a percentage of this difference would make the whole amount in controversy in each case less than $2,000. It is true that the averments of the bill are sufficient to give the court jurisdiction, but the affidavits show (and there are no counter affidavits) the facts to be as above stated. While, therefore, I cannot sustain the demurrers to the bills, on the ground that, on their faces, they show a lack of the jurisdictional amount in controversy, I can refuse the preliminary injunction on that ground. I can dismiss the bills on the ground that they do not show a payment of the taxes due under old section 2778, Rev. St. Ohio, which would be in force if the Nichols law is unconstitutional, and can refuse to permit an amendment such as I have permitted in the Western Union Telegraph Company and Adams Express Company cases. The demurrers in this case to the bills will, therefore, be sustained, and the bills dismissed.