NORTHERN PAC. RY. CO. v. KURTZMAN, County Treasurer.

(Circuit Court, D. Washington, S. D. August 16, 1897.)

1. FEDERAL COURTS—JURISDICTION—EQUITY POWERS—ATTACK ON JUDGMENT OF STATE COURT.

The federal courts have jurisdiction, and in the exercise of their general equity powers will grant relief, where the suit is a direct attack for the purpose of nullifying a judgment of a state court obtained by fraud or rendered without jurisdiction, and to enjoin a threatened sale of lands thereunder.

2. EQUITY PLEADING—JUDGMENT FOR TAXES—THREATENED SALE.

Where the facts alleged in the bill show that a judgment has been rendered in a state court against complainant's lands for taxes not assessed, and for which such lands were not liable to assessment, that the judgment was rendered by the court without substantial compliance with the statutory requirements to give it jurisdiction, and that his lands are about to be sold to satisfy such judgment, they are sufficient to entitle complainant to equitable relief.

This was a suit in equity by the Northern Pacific Railway Company against Fred Kurtzman, treasurer of Franklin county, Wash., to remove a cloud on the title to certain lands, and to enjoin the sale thereof for taxes under a judgment of a state court, which judgment is alleged to be null and void. The cause was heard on demurrer to the complaint.

F. M. Dudley, for complainant.

P. C. Ellsworth, for defendant.

HANFORD, District Judge. The object of this suit is to remove a cloud from the complainant's title to certain lands included in its grant from the United States, and for an injunction to restrain the officers of Franklin county from making sale of said lands for delinquent taxes. The material allegations of the bill of complaint are as follows: On August 28, 1893, upon the application of the treasurer of Franklin county, a judgment in form as authorized by section 105, c. 124, Laws Wash. 1893, was rendered in the superior court of Franklin county for the amount of taxes, assessments, interest, penalties, and costs claimed to have been levied upon the lands in question for the year 1890, and on November 28 and 29, 1893, said lands were offered for sale, pursuant to said judgment, and, there being no bidder therefor, they were declared forfeited to the county. On May 14, 1894, the superior court of Franklin county, upon application of the county treasurer, rendered two similar judgments,—one for taxes, assessments, costs, penalties, and interest claimed to have been levied upon said lands for the year 1890, being the same taxes, assessments, etc., for which said lands had been declared forfeited to the county in 1893; and the other for the taxes, assessments, costs, and interest claimed for the year 1891. The defendant, claiming to be authorized by said judgment to sell said lands for said taxes, assessments, etc., advertised a notice of sale, and was about to sell said lands pursuant to said notice, when this suit was commenced. The bill of complaint avers that the several judgments rendered by the superior court are void for want of jurisdiction of the court to render the same, and specifies with particularity noncompliance with the statutes of the state prescribing the manner of giving notice of proceedings initiated to obtain judgments against real estate for delinquent taxes; and also specifies failure on the part of the county treasurer to make an affidavit required by section 104 of the revenue law of the state of Washington of 1893 to be appended to a list of the lands against which the proceedings are taken; and also specifies that there was no order authorizing the proceedings made by the board of county commissioners, such order by the board of county commis-

sioners being made essential by section 136 of the revenue law of 1893; and also specifies that the judgments are void because the amount of taxes upon the various parcels of land is not set forth; and also specifies that the judgments are void for the reason that the lands were not assessed in the years 1890 and 1891, respectively. The bill also sets forth irregularities in the levy of taxes by the board of county commissioners.    The bill also avers that by force of section 3, c. 85, of the Laws of Washington of 1891, the taxes for the year 1890 ceased to be a lien upon the lands on the 1st day of November, 1892, and that the judgment rendered for said taxes of 1890 is void for the reason that the proceedings were not initiated until after the lien had expired by the statute of limitations herein cited. The bill also avers that the lands were not subject to taxation at the time of making the assessment for the years 1890 and 1891, the title being then vested in the government of the United States.    The relief prayed for is that the court will, by its decree, declare the sale heretofore made, and the various tax proceedings, to be null and void, and that the threatened sale of the lands may be enjoined.    The defendant has appeared by counsel, and demurred to the bill, alleging as grounds for demurrer:  First, that the court has no jurisdiction of the subject-matter of the cause; second, that the facts alleged are not sufficient to entitle the complainant to any relief in a court of equity.

In the argument, counsel for the defendant treated the case as one in which the primary object is to enjoin proceedings to enforce a decree rendered by the superior court of the state in and for Franklin county.    I recognize the absolute correctness of the proposition that the federal courts are forbidden by express provisions in the laws enacted by congress to issue injunctions to stay proceedings in any court of a state, but that principle is not applicable where the suit in the federal court is a direct attack upon a judgment rendered in a state court for the purpose of nullifying such judgment, upon the ground that the same was obtained by fraud, or because the court in which such judgment appears of record had no jurisdiction to render the same.    In the exercise of their general equity powers, the circuit courts of the United States have always been free to grant relief of this nature in cases coming within their jurisdiction.    Galpin v. Page, 18 Wall. 351–375; Pennoyer v. Neff, 95 U. S. 714–748; Arrowsmith v. Gleason, 129 U. S. 86–101, 9 Sup. Ct. 237; Marshall v. Holmes, 141 U. S. 589–601, 12 Sup. Ct. 62.    The bill of complaint attacks the judgment of the superior court on the ground that it acted without jurisdiction in rendering the judgments.    The statute under which the court assumed to act prescribes the time and manner of giving notice of the proceedings.    In all special statutory proceedings substantial compliance with the terms of the statute as to the notice is essential to jurisdiction, unless waived, and in this particular the averments of the bill are sufficient to show prima facie that the superior court did not have jurisdiction, for it specifically alleges noncompliance in particulars which are material, so that, taking the bill to be true, the judgments are void; therefore the bill is sufficient, as tested by a general demurrer.    In the case of De Forest

v. Thompson, 40 Fed. 375–381, the defendants disputed the jurisdiction of the United States circuit court for the district of West Virginia on the ground that the sale of the land for nonpayment of taxes under the decree of a state court could not be brought into question except in the state court which rendered the decree for sale of the lands, and that the courts of the United States were without jurisdiction to pass upon the validity of the title to lands acquired by purchase at a sale pursuant to a decree of a state court.   In the opinion of the court by Judge Jackson, and concurred in by Mr. Justice Harlan, the objection was overruled.   The learned judge states the question and the ruling as follows:

"The question to be determined herein is whether the orders of the Boone circuit court, under which the lands in dispute were sold, are conclusive and binding upon the plaintiffs, when assailed in an independent collateral proceeding, and may be decided as well here as in a state court.  The presence of such a question in the case does not affect the jurisdiction of this court, for it is competent for the federal court, in a controversy between citizens of different states, to pass upon the question whether the state court had jurisdiction or power to order the lands in question sold by the school commissioner. Payne v. Hook, 7 Wall. 425; Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619; Arrowsmith v. Gleason, 129 U. S. 86, 9 Sup. Ct. 237.  In the last case referred to, the court said: 'These principles control the present case, which, although involving rights arising under judicial proceedings in another jurisdiction, is an original, independent suit for equitable relief between parties; such relief being grounded upon a new state of facts, disclosing not only imposition upon a court of justice, in procuring from it authority to sell an infant's lands, when there was no necessity therefor, but actual fraud in the exercise, from time to time, of the authority so obtained.  As this case is within the equity jurisdiction of the circuit court, as defined by the constitution and laws of the United States, that court may, by its decree, lay hold of the parties, and compel them to do what, according to the principles of equity, they ought to do, thereby securing and establishing the rights of which the plaintiff is alleged to have been deprived by fraud and collusion.' "

From what appears in the complaint, the complainant has ample grounds for maintaining a suit in equity, and this court has jurisdiction of the subject-matter of the controversy and all of the parties.   A general demurrer must be overruled whenever it appears by the record that all the facts exist upon which the jurisdiction of the court depends, and sufficient facts are shown to entitle the complainant to any part of the relief prayed for.   The defendant's solicitor, in his argument, interposes an objection to maintenance of the suit, based upon a statute of this state, which, in effect, prohibits the bringing of suits of this nature, unless the complainant shall have first paid or tendered and deposited the amount of taxes justly due. I regard this statute as just and wise, and in accordance with the principles of equity.   If there were no such statute, the court would require a complainant seeking relief in a court of equity to first do equity, and, if any sum appeared to be a valid tax upon the lands, the complainant would be required to pay or tender the same as a prerequisite to the bringing of a suit of this nature; but the court cannot apply this principle in ruling on a general demurrer.   The difficulty in the way is in the fact that, taking the complaint to be true,—which must be done until its averments are put in issue by an answer,—there is no sum of money whatever due or properly charge-

able upon the lands for the taxes of 1890 and 1891. If the lands were not assessed, they are not subject to any taxes, and, if there is nothing chargeable, the complainant cannot pay or tender any amount as taxes justly due. The demurrer will be overruled.