## JOHN D. H. LUCE, Survivor, ET AL.
### v.
## MULLENHOFF & KORBER ET AL.

---

San Juan, Equity, No. 377.

1. The court has jurisdiction of a case on the ground of diverse citizenship, in which Porto Ricans are parties defendant only.

2. A demurrer to a bill charging fraud and conspiracy will not be sustained when it appears that the proceeding is directed at the parties, and not at judgments and decrees already entered by the insular courts.

3. In cases of fraud, the provisions of local laws cannot be used to defeat or limit the equity powers of the Federal courts.

4. The provisions of the Porto Rican laws prescribing the conditions under which corporations can sue and be sued in Porto Rico have no applications to associations other than corporations.

5. This court, as a court of equity, if it possesses jurisdiction on other grounds, will, in cases within the principles of equity, grant relief, notwithstanding that by the peculiar construction of the local laws the same proceedings could not be maintained in the local courts.

6. Defendants may have a rule for costs.

Order filed August 13, 1906.

*Francis H. Dexter, Esq.,* solicitor for plaintiffs.

*Cay. Coll y Cuchi, Esq.,* and *Herminio Diaz, Esq.,* solicitors for defendants.

Order by RODEY, Judge:

This cause comes before the court at this time upon a demurrer to the bill of complaint, which was recently fully argued before the court, and thereafter ably supported by elaborate written arguments and briefs, by the respective counsel, to which careful attention has been given.

The first point made in the demurrer is: (a) That it appears from the face of the bill of complaint that the court has no jurisdiction because of the citizenship of the parties. This point is not well taken. It appears from the bill itself that Porto Ricans are parties defendant only, and that point has been decided against defendants' contention in the case of Vallecillo y Mandry v. Bertran, ante, 46, in this court. And (b) that the whole bill does not set forth any equity, and that it is an attempt to interfere with a judgment or decree of a local district court, duly entered, and with the operations of the mortgage law and registry of property, etc. The court has examined the bill with some care, and is free to confess that, if its allegations are true, it sets out a most unusual case of fraud and conspiracy against the rights of the complainants, that it would be impossible, in the opinion of the court, to have corrected anywhere save in a court of equity possessing the fullest powers of a chancellor. The court is further of the opinion that it cannot be said, at this stage of this proceeding, whether or not the suit will of necessity interfere in any manner with the judgment or decree of the district court referred to, or that it will operate other than

upon the parties to the alleged fraud, and upon property now in their hands under the alleged fraudulent decrees by which they obtained it.

The further statement in this subhead of the demurrer, that the bill is an attempt to interfere with the mortgage law of Porto Rico, which of necessity was a part of the contract entered into between the defendants at the time of the making of certain mortgages mentioned in the bill, is not well taken, either. The answer to it is that fraud of the grossest kind is alleged, which, as alleged, did not come to the knowledge of the complainants for some considerable time after the consummation of all the proceedings in the local court. Fraud vitiates everything, and no court can correct frauds as well as a court of equity. If the facts of this bill are true—which remains to be proved after answer and issue joined—it is impossible to see how the complainants could have any remedy at law that would be at all adequate.

The second ground of demurrer is that none of the plaintiffs have complied with the requisites prescribed in the corporation laws of Porto Rico to entitle them to sue or be sued in this island. There is nothing in the description of the complainants, as set out in the bill, to show that any of them are corporations, but, on the contrary, it appears they are all firms or individuals, and therefore this point is not well taken. If any of them were corporations of any state of the United States, it is doubtful if any local requirement restricting their right to sue in the courts would be constitutional. They would have the same right to sue as any other citizen of the United States, irrespective of any local law.

Whenever, according to the received principles of equity, a cause for equitable relief is stated,—and a case where fraud of the character alleged in this bill appears certainly comes within

Luce v. Mullenhoff & Korber.

that rule,—courts of the United States will grant relief, notwithstanding that by a peculiar structure of the local system of laws the same sort of proceeding could not be maintained. This principle is decided by the Supreme Court of the United States in Payne v. Hook, 7 Wall. 425, 19 L. ed. 260. Of course defendants, in all proper cases and on a proper showing, can protect themselves by applying to the court for a rule against complainants for a proper bond for costs.

Believing this to be a case where it has complete jurisdiction if proper service has been had, and where, if the allegations of the bill are true, the relief ought to be granted, the demurrer will be overruled; and it is so ordered.