BARKER et al. v. EASTMAN et al.

(Circuit Court of Appeals, First Circuit. August 22, 1913.)

No. 990.

**1. Courts (§ 492*)—Conflicting Jurisdiction—Priority.**

The rule applied that the filing in a state court of a bill against a testamentary trustee for an accounting and distribution did not affect the jurisdiction of the United States courts with reference to a bill seeking the same relief, filed previously to that filed in the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1345; Dec. Dig. § 492.*

Conflict of jurisdiction with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

**2. Courts (§ 279*)—United States Courts—Jurisdiction—Allegations of Pleadings.**

The rule applied that if it does not appear at the outset that a suit is one of which the Circuit Court, at the time its jurisdiction was invoked, could properly take cognizance, a suit must be dismissed, and lack of jurisdiction cannot be supplied by anything set up by way of defense.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 279.*]

**3. Courts (§ 278*)—United States Courts—Jurisdiction—Allegations of Pleadings.**

While a United States Circuit Court cannot acquire jurisdiction of a suit, unless its jurisdiction is apparent on the face of the bill or declaration, its jurisdiction may be defeated by a subsequent development of facts which did not appear at the outset.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 819; Dec. Dig. § 278.*]

**4. Courts (§ 308*)—United States Courts—Jurisdiction—Citizenship of Parties.**

Where, in a suit by citizens of Massachusetts against a testamentary trustee, who was a citizen of New Hampshire, for an accounting and distribution, another citizen of New Hampshire, interested in the distribution, was made a party defendant and answered, admitting the allegations of the bill and alleging that the time for distribution had not arrived, the United States courts had no jurisdiction, since, whatever the fact with reference to the lawful time for distribution, the right to an accounting, which was the real purpose of the bill, was at all times existent, and that controversy was between citizens of Massachusetts and New Hampshire on one side and another citizen of New Hampshire on the other side.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. § 308.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Appeal from the Circuit Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Bill by Will T. Barker and others against Edwin G. Eastman, trustee, and others. From a decree dismissing the bill (192 Fed. 659), the complainants appeal. Affirmed.

Alvah G. Sleeper, of Boston, Mass., for appellants.

Edwin G. Eastman, of Exeter, N. H. (Eastman, Scammon & Gardner, of Exeter, N. H., on the brief), for appellees.

Before PUTNAM and DODGE, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. This is a bill in equity, brought by persons entitled under the will of Hiram Barker against the existing sole trustee under that will. It was filed by three citizens of the state of Massachusetts, in behalf of themselves, and also in behalf of Charles B. Barker, another citizen of Massachusetts, if he should choose to join. The only respondent named in the bill was the trustee, Eastman, a citizen of. New Hampshire.

Subsequent to the filing of the bill, a motion was made by the complainants to make Ella M. Barker, another citizen of Massachusetts, a party plaintiff. This motion was immediately granted. The bill alleged that under the will the trustee was to pay Clara Barker Berry, the only daughter of the testator, $2,000 annually during her life, "and a further sum if in the opinion of the trustee it should be necessary"; and it further alleged that "neither the said Clara Barker Berry, nor the said Ella M. Barker, is a necessary party to this bill, as they are not entitled to any distributive share out of the estate." Subsequently, however, the complainants made a motion to make Clara Barker Berry a party respondent, because, as they alleged, she was one of the legatees mentioned in the will concerned, and also "interested in the distribution of the estate." Thereupon an order was entered that she be made a party respondent for the reasons stated in the motion. Clara Barker Berry filed a plea, which she afterwards withdrew, and subsequently an answer, admitting the allegations of the bill, and making no denial of her distributive interest, but alleging that the time for distribution had not arrived. The motion for joining her described her as a citizen of the state of New Hampshire.

The bill was dismissed without prejudice, and the complainants thereupon appealed to us. The appeal is described as by "the above-named plaintiffs," without further designation of who was meant by "the above-named plaintiffs"; but, as the bond on appeal was signed by Will T. Barker, Eda F. Barker, Hiram H. Barker, and Ella M. Barker, it is to be assumed that all the original complainants, as well as Ella M. Barker, are included in the words "the above-named plaintiffs."

Eastman is a testamentary trustee, with reference to whose accounts and other proceedings full provision is made by the statutes of New Hampshire, which statutes give ample remedy in reference thereto. Public Statutes N. H. 1901, c. 198.

The bill is drawn in all respects like the bill sustained in Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, except that there is no charge of misfeasance against the trustee, as there was in Payne v. Hook. Indeed, it is doubtful whether the bill sets out any controversy whatever. It makes no question about the construction of the will, or about the rights of the various persons in interest under it. It fails to make any charge against the trustee, in so far, indeed, that it fails to allege that he has either omitted or delayed or declined to render accounts

according to the statutes of New Hampshire referred to, or has been requested to do so.

[1] The record shows that a bill of a similar purport was filed in the state courts of New Hampshire, but subsequently to the filing of the bill with reference to which this appeal was taken; so that it cannot, as is thoroughly settled, in any way affect jurisdiction with reference to the matter now before us. The same is true with reference to certain other proceedings commenced in the state courts to which we need not refer particularly.

[2] Inasmuch as the claim is made that certain proceedings subsequent to the filing of the bill here gave the Circuit Court jurisdiction, all we need say in reference to that is that the general principle stated in Railway Company v. Lewis, 173 U. S. 457, 19 Sup. Ct. 451, 43 L. Ed. 766, is thoroughly settled that, if it does not appear at the outset that a suit is one of which the Circuit Court, at the time its jurisdiction was invoked, could properly take cognizance, the suit must be dismissed; and lack of jurisdiction cannot be supplied by anything set up by way of defense. This is reaffirmed in Omaha Electric & Power Company v. Omaha, 230 U. S. 123, 33 Sup. Ct. 974, 57 L. Ed. ——. This does not, of course, bar amending a bill or other proceedings in such way as to show jurisdiction, if in fact the court had jurisdiction.

The prayer of the bill is as follows:

"To the end, therefore, that your orators may obtain the relief to which they are justly entitled in the premises, they now pray the court to grant them due process of subpœna directed to said Edwin G. Eastman, defendant hereinbefore named, requiring him to appear herein and answer (but not under oath, the same being expressly waived) the several allegations in this your orators' bill contained, and that an account may be taken of the personal and real estate of the testator now in the hands of the defendant, and that the same may be applied in due course of administration, and that it may be determined what proper, suitable, and sufficient bonds or other security shall be given by the plaintiffs, and each of them, in accordance with the terms of the will, and that it may be ascertained what is the respective share of said estate now belonging to the plaintiffs, and each of them, and that the same may be paid to the plaintiffs, and each of them, and that for those purposes all proper directions may be given, and that the plaintiffs may have such further or other relief in the premises as the nature and circumstances of this case may require, and to your honors shall seem meet."

In Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, already referred to, there was clearly a controversy between citizens of different states in the sense of the Constitution, because the complainant, of one state, charged the respondent, a citizen of another state, with misconduct in his office; but the bill at bar discloses no controversy of that character. It asks for an accounting, without alleging that any accounting had been refused, or that there was default, omission, or refusal by the trustee with reference to anything whatever. Therefore the question at once arises whether, in view of the later decisions of the Supreme Court limiting or qualifying Payne v. Hook, or some expressions therein, as the case or the expressions had been somewhat understood—that is to say, Buyers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101, Ingersoll v. Coram, 211 U. S. 335, 29 Sup. Ct.

92, 53 L. Ed. 208, Waterman v. Bank, 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80, and McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762—the bill presents any controversy as between citizens of different states within the meaning of the Constitution. We pass this by, however, because the bringing into the case by the complainants of Clara Barker Berry, a distributee, and therefore a necessary party, in view of the fact that she is a citizen of the same state as the original respondent, the trustee, defeats jurisdiction in any event.

[3, 4] While the rule is clear that, in the aspect we have here, jurisdiction cannot be secured unless apparent on the face of the bill or declaration, yet it is equally true that it may be defeated by a subsequent development of facts, which did not appear at the outset. This is now the position here, made so by the complainants when they brought in Clara Barker Berry. It is true she alleges that the bill misinterprets the decision in Edgerly v. Barker, 66 N. H. 434, 31 Atl. 900, 28 L. R. A. 328, but that it is not alleged in such way as to show whether she intends, with reference thereto, to make a controversy between her and the original complainants, or between her and the trustee. If, within the terms of the bill, it did indicate a substantial controversy between her and the complainants, then, so far as this is concerned, the bill might possibly be retained, because, arranging the parties according to the controversies, we might have the complainants on one side, and the trustee and Clara Barker Berry on the other. This, however, would be purely incidental, so far as this litigation is concerned, because, whatever the fact with reference to the lawful time for distributing the estate, the right to an accounting, the obtaining of which is the real purpose of the bill, is at all times existent; and, so far as that is concerned, Clara Barker Berry is arrayed with the nominal complainants. Therefore, as to the only controversy which the record sets out, we find citizens of two states, Massachusetts and New Hampshire, on one side, and the trustee, also a citizen of New Hampshire, on the other. It would be useless to go on with a bill in which the record as made by the complainants now shows must ultimately result in defeating the jurisdiction of the court.

The decree of the Circuit Court is affirmed, and the respondent Eastman recovers the costs of appeal.