## CURRIER v. CURRIER et al.

District Court, S. D. New York.
March 1, 1941.

James E. Freehill, of New York City, for plaintiff.

Benjamin P. DeWitt, of New York City, for defendants.

CONGER, District Judge.

Defendants move to dismiss the complaint herein upon the ground that it fails to state a claim upon which relief can be granted, and upon the further ground that this court has no jurisdiction to grant the relief demanded in the complaint because of the absence of indispensable parties.

The gravamen of the complaint is a wrongful refusal of defendants to render an accounting of their stewardship over certain dealings in a fund of securities and cash, after a demand therefor by the plaintiff. In the prayer for relief plaintiff seeks an order of this court directing defendants to pay to the plaintiff such sums as may be found due plaintiff upon such accounting.

The complaint alleges that the plaintiff, defendants, and other members of her immediate family entered into an agreement in 1933 whereby defendant Charles G. Currier (plaintiff's father) was empowered to act as "trusted agent and advisor with respect to said securities and funds"; that all dividends from the securities were deposited in joint bank accounts maintained at the Bankers Trust Company, New York City, in the name of "Charles G. Currier and/or Edith S. Currier", and at the Commercial Trust Company, of New Jersey, Jersey City, N. J., in the name of plaintiff and members of her immediate family; that in November, 1931, defendant Charles G. Currier opened an account "as agent" with Bear, Stearns & Company, through whom said defendant purchased and sold various securities from time to time with these joint funds; that under the terms of the aforesaid agreement of 1933 the profits and losses resulting from these transactions were to be apportioned according to the percentages fixed in said agreement as being the interest of plaintiff in these funds and securities was then fixed at 25% of the fund.

The complaint further alleges that pursuant to said agreement, plaintiff and defendant Gilman S. Currier, Dorothy (Currier) Opengame, and Caroline S. Currier, executed a power of attorney in January, 1933, authorizing Charles G. Currier to act as agent with reference to the Bear, Stearns agency account; that in 1933 defendant Charles G. Currier agreed to pay plaintiff 25% of the net profits realized in commodity trading in wheat, rubber and silver in return for his financial advice and assistance; that on April 20, 1934, a similar power of attorney was given by the plaintiff and other members of her family to defendant Charles G. Currier, as heretofore mentioned; that in 1934 the interests of plaintiff and other members of her family in said funds were modified in writing whereby plaintiff's interest was increased to 30% thereof; that in November, 1938, plaintiff demanded an accounting of defendant's manipulations of this fund, and the payment to her of her share; that thereafter defendants segregated certain securities and tendered them to plaintiff on account, placing these securities in the family safe deposit box, the total value of these securities being less than the plaintiff's claimed share; that defendants have refused to account to plaintiff and have refused to permit plaintiff to take possession of these segregated securities; that plaintiff has brought suit in the New York State Supreme Court to replevy those segregated securities; that defendants have been converting the monies of plaintiff to their own use.

Although the defendants have moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted, they have not discussed this phase of the motion in their submitted briefs. It is self-evident from the recital of the above allegations in the complaint, that it does state a good cause of action. Defendants' motion to dismiss upon that ground is therefore denied.

Defendants have also moved pursuant to Rule 12(b) and Rule 19 Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint on the ground that certain indispensable parties, the other members of the plaintiff's family who own interest in the fund, have not been joined as parties in this suit. Under Rule 19 F.R.C.P. persons having a joint interest must be made parties to the litigation either as plaintiffs or defendants. This phrase "joint interest" must be construed to mean parties formerly designated as indispensable under the practice prior to the new Rules of Civil Procedure.

In Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, indispensable parties are defined as "persons who not only have

an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

The defendant Charles G. Currier, in an affidavit submitted in opposition to plaintiff's motion for the appointment of a receiver of the fund in dispute pendente lite swore that the property in question belonged to him and that the designated members of the family were merely his nominees with respect to certain securities registered in their names. It ill becomes him to now assert that the plaintiff's action must not proceed without joining other members of the family as interested persons in the fund. Defendants have already unsuccessfully attempted to have this action dismissed on the ground that plaintiff was not a citizen of New York. It is fairly evident from a reading of all the papers filed herein that the other members of the family do not wish to secure any relief in the nature of that sought by the plaintiff. This is evidently a family difference· in which the plaintiff finds herself arraigned against the other members of the family. The plaintiff charges that the latter have received whatever share they were entitled to and have no interest at this time in the fund.

I am of the opinion that the other members of plaintiff's family are not indispensable parties to this litigation. Upon the facts before me, I believe that an equity court can award relief to the plaintiff without injury to the absent parties who may ·or may not have any interest in this fund. Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260; Elmendorf v. Taylor, 10 Wheat. 152, 6 L.Ed. 289; Williams v. Crabb, 7 Cir., 117 F. 193, 59 L.R.A. 425.

Chief Justice Marshall, in Elmendorf v. Taylor, supra [10 Wheat. 166, 6 L.Ed. 289], in considering the rule of indispensable parties said: "Courts of equity require, that all the parties concerned in interest shall be brought before them, that the matter in controversy may be finally settled. This equitable rule, however, is framed by the court itself, and is subject to its discretion."

In a recent case, Atwood v. National Bank of Lima, 6 Cir., 115 F.2d 861, 863, the court in discussing indispensable parties said: "A study of the cases leads to the conclusion that the parties plaintiff in the present proceeding have no interest that is joint or common with those who have been omitted. While the alleged trust fund is unitary, the asserted right of each of the heirs or next of kin to share in it is single and separate, and the court may do justice between the parties before it without prejudice to the rights of the absentees." (Citing cases.)

There is some doubt whether the defendants have title to the securities and monies in question. However, assuming that they have no title, the rule would not be different. See Payne v. Hook, supra; Williams v. Crabb, supra; Elmendorf v. Taylor, supra.

Sufficient appears to give plaintiff a standing in court at least for the purpose of litigating her rights as against the present defendants and taking evidence to show, if she can, that they are meritorious.

After thorough investigation attainable by the usual progress of a suit in equity a different appraisal may be given to the case. Baldwin et al. v. Chase National Bank of City of New York, D.C., 16 F.Supp. 918-920.

Motion is therefore denied without prejudice to renewal at the trial, in the event the trial judge may feel that a final decree cannot be made without affecting the interests of the absentees in the controversy.