McCLELLAN et al. v. CARLAND, U. S. District Judge.

(Circuit Court of Appeals, Eighth Circuit. April 27, 1911.)

No. 99.

(*Syllabus· by the Court.*)

1. ABATEMENT AND REVIVAL (§ 12*)—COURTS (§ 506*)—PENDENCY OF OTHER SUITS IN STATE COURT.

While the estate of a deceased person was in the custody of administrators appointed by a state county court which had probate jurisdiction, and after all creditors of the deceased had been paid and an appeal had been taken by one J. S. M. from a decision of the county court that he was not an heir of the deceased, and the state had intervened and claimed the estate in the circuit court where the appeal was to be tried, and that issue had been tried and adjudged in favor of the state, but was still reviewable by appeal, J. S. M. and four others who claim to be heirs of the deceased commenced a suit against the administrator in the proper federal court to enforce their claims, and after this suit was brought the state instituted a suit in the circuit court of the state against the complainants in the suit in the federal court and others to establish its claim to the estate of the deceased on the ground that he left no heirs.

*Held:* Neither the pendency of the suit on the appeal nor the pendency of the suit by the state in the state circuit court constituted any ground for a stay of the suit in the federal court or for its abatement, but it was the duty of that court to proceed with all convenient speed to its trial and decision.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91; Dec. Dig. § 12:* Courts, Dec. Dig. § 506.*

Pendency of action in state or federal court as ground for abatement of action of other, see notes to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C. A. 205; Barnsdall v. Wallemeyer, 73 C. C. A. 521.]

2. EXECUTORS AND ADMINISTRATORS (§ 38*)—COURTS (§ 259*)—JURISDICTION- - FEDERAL COURTS—RIGHTS OF CREDITORS, HEIRS, AND LEGATEES.

Upon the death of an owner his property is immediately impressed with a trust for his creditors, heirs, and legatees.

The federal courts have plenary jurisdiction derived from the high court of chancery in England at the suit of any proper heir, legatee, or creditor to enforce this trust against any occupants, executors, administrators, or parties into whose control any part of the estate may come.

As this jurisdiction was not derived from the states, it may not be withdrawn or substantially impaired by probate or other laws of the states which grant to their courts exclusive jurisdiction over these subjects.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 795, 796; Dec. Dig. § 259;* Executors and Administrators, Dec. Dig. § 38.*]

3. COURTS (§ 505*)—CONFLICTING JURISDICTION—FEDERAL COURTS—ENFORCEMENT OF TRUST IMPRESSED UPON PROPERTY OF DECEDENT.

The legal custody of an estate by a probate or county court, or by its officer, is no obstacle to the exercise by a federal court of this jurisdic-

tion, because the law imposes upon the state court the duty to give full faith, credit, and effect to the adjudication of the federal court when certified to it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1410; Dec. Dig. § 505.*

Conflict of jurisdiction with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

4. ABATEMENT AND REVIVAL (§ 12*)—COURTS (§ 506*)—ANOTHER ACTION PENDING IN STATE COURT—STAY.

The pendency in a state court of a prior action or proceeding between the same parties for the same cause furnishes no ground for an abatement or for a stay of proceedings in a subsequent action in a federal court, where no conflict arises between the courts over the custody or dominion of the property.

And when a state court secures by proper process the custody or dominion of specific property which it is one of the objects of the suit in the federal court to subject to its judgment or decree, the latter suit should not be stayed or dismissed, but should proceed as far as may be without creating a conflict concerning the possession of the property, and then, if need be, be stayed until the proceedings in the state court have been completed, or time for their termination has elapsed.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91; Dec. Dig. § 12;* Courts, Dec. Dig. § 506.*]

Mandamus by John C. McClellan and others against John E. Carland, United States District Judge for the District of South Dakota. Writ granted.

Sioux K. Grigsby (Grigsby & Grigsby, on the brief), for petitioners. Samuel W. Clark (U. S. G. Cherry, on the brief), for respondent.

Before SANBORN and ADAMS, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. In September, 1908, John C. McClellan, James S. McClellan, William S. McClellan, Walter McClellan, and Edmund McClellan, citizens of states other than South Dakota, exhibited their bill in the United States Circuit Court for the District of South Dakota, against George T. Blackman, special administrator, appointed by the Minnehaha county court of South Dakota, of the estate of John McClellan, deceased, in which bill they alleged that John C. and James S. were sons, and William S., Walter, and Edmund were grandsons, of the deceased, that all his debts had been paid, that the administrator had in his possession land and other property belonging to his estate of the value of $35,000, and that they were his sole heirs, and they prayed a decree to that effect, that they were entitled to receive the estate in the hands of the administrator, and that they might have other relief which is immaterial to the consideration of the questions here presented. The administrator by his answer denied that these complainants were the heirs of the deceased, and issues were joined by a replication. On November 24, 1908, the state of South Dakota filed a petition for leave to intervene in this suit wherein it averred that the estate of John McClellan belonged to it because he died intestate and left no one capable of succeeding to his estate according to the laws of South Dakota where his estate

was situated. In this petition the state alleged that John McClellan died on August 3, 1899; that a special administrator was immediately appointed; that the issue then arose on petitions for the appointment of a general administrator between two sets of claimants, one residing in Ireland called the "Ireland claimants," and one in Canada called the "Canadian claimants," each insisting that they were the sole heirs of the deceased; that the county court after a hearing decided this issue in favor of the Ireland claimants, and appointed William Van Eps administrator; that afterward in February, 1900, James S. McClellan filed a petition with the county court in which he alleged the heirship of the complainants in the suit in the court below, and prayed for the revocation of the appointment of Van Eps, and the appointment of one Hinde, administrator; that upon this petition the issue of the relationship of the complainants to the deceased was tried in the county court and decided against McClellan, and his petition was denied; that appeals were taken from both decisions to the circuit court of Minnehaha county, and there the issues were tried before a jury who found that none of the claimants were related to or were heirs of the deceased; that this verdict was then set aside and the issues tried again before the court with the same result; that motions for new trials were denied, appeals were taken to the Supreme Court of South Dakota, which reversed the decision below on the petition of McClellan, and ordered a new trial of the issue presented by him; that thereupon the state intervened in his case in the state circuit court, the new trial was had in February, 1908, and resulted in a judgment that the complainants in the suit below were not related to the deceased, and were not his heirs, and that during these proceedings and about July 12, 1906, Van Eps died, and Blackman was appointed special administrator and was a party to the last trial. In reply to an order to show cause why this petition for intervention should not be granted, the complainants below answered that the petition did not state facts which entitled the state to defend against their claim; and presented an affidavit of one of the attorneys for the complainants below that neither John C. McClellan, William S. McClellan, Walter McClellan, nor Edmund McClellan was a party to any of the proceedings in the courts of South Dakota mentioned in the petition for intervention, that the judgment on the last trial was not entered until after the suit below was commenced, and that it was the intention of the attorneys for James S. McClellan to review that judgment by appeal. The court below, upon consideration of this petition, answer, and affidavit, denied the petition on the ground that it was not possible for the state to establish title by escheat in the suit in the federal court without a prior adjudication to that effect in a proper proceeding, and at the same time the court ordered that the further prosecution of the suit of the complainants be stayed for 90 days to enable the state to commence a suit to establish its alleged title. The Legislature of South Dakota then passed an act approved February 26, 1909, which authorized the state to maintain an action in one of its circuit courts to recover any property in the state the title to which had failed or was believed to have failed through defect of heirs (Session Laws of South

Dakota, c. 104, p. 177), and on March 18, 1909, upon the affidavit of the state's attorney of Minnehaha county to the effect that the state. had commenced such a suit in the circuit court of Minnehaha county to establish its title to the property of the estate of John McClellan, deceased, the court below ordered the suit in the federal court stayed until the final determination of the state suit in the state court. On April 14, 1909, after a hearing on a motion to set aside the order staying the prosecution of the suit, the federal court denied the motion. Thereupon the complainants presented to this court a petition for a writ of mandamus to command the United States District Judge of South Dakota to vacate his orders staying the prosecution of the suit of the McClellans, and this court, after a hearing, dismissed that petition, the Supreme Court reversed that dismissal, McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762, this court then issued an alternative writ of mandamus to the District Judge, and in answer to it he returned to this court a transcript of all the files and records before him when the orders staying the suit were made, and the question now is, Should the District Judge vacate his orders staying the suit and proceed to hear and decide the issues it presents? An examination of the record has satisfied that this question must be answered in the affirmative.

[2] When the owner of property dies, his estate is immediately impressed with a trust for the benefit of his creditors, heirs, and legatees. The high court of chancery in England had jurisdiction to enforce this trust. The national courts in equity as a part of their original jurisdiction derived from that court have plenary power at the suit of any proper heir, legatee, or creditor to enforce this trust against any occupants, executors, administrators, or parties into whose control any part of the trust estate has come. 1 Story's Equity Jurisprudence, § 532, etc.; Attorney General v. Cornthwaite, 2 Cox, Ch. 44; Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260; Byers v. McAuley, 149 U. S. 608, 610, 620, 621, 13 Sup. Ct. 906, 37 L. Ed. 867; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 43, 30 Sup. Ct. 10, 54 L. Ed. 80; Green's Ad. v. Creighton, 23 How. 90, 93, 16 L. Ed. 419; Borer v. Chapman, 119 U. S. 587, 598, 599, 7 Sup. Ct. 342, 30 L. Ed. 532.

[3] The bill sets forth the case of the sole heirs of the estate of a deceased person which has been so completely administered that all the debts of the deceased have been paid, and prays that the remaining estate of the deceased in the possession of the special administrator be decreed to be held by him in trust for them. The fact that this property is in the possession and legal custody of an officer of the county court of the state which has probate jurisdiction is no obstacle to the decree sought or to its enforcement, because it is the duty of that court and of its officers to enforce the decree of the court below when rendered and certified to it, and the presumption is that it will do so. If it should fail to discharge that duty that fact would present a claim of federal right which the national courts could protect and enforce. Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 46, 30 Sup. Ct. 10, 54 L. Ed. 80.

Moreover, this power of the federal courts to hear, to adjudge and to enforce their adjudications of the claims of alleged heirs, legatees, and creditors, citizens of other states, to their shares of an estate under administration in a state court may not be impaired or withdrawn by the probate or other laws of a state since it was not derived from the states. Barber Asphalt Paving Co. v. Morris, 66 C. C. A. 55, 59, 132 Fed. 945, 949, 67 L. R. A. 761; Security Trust Co. v. Black River National Bank, 187 U. S. 211, 227, 23 Sup. Ct. 52, 47 L. Ed. 147; Suydam v. Broadnax, 14 Pet. 67, 10 L. Ed. 357; Union Bank v. Jolly's Adm'rs, 18 How. 503, 15 L. Ed. 472; Chicot County v. Sherwood, 148 U. S. 529, 533, 534, 13 Sup. Ct. 695, 37 L. Ed. 546; Cowles v. Mercer County, 7 Wall. 118, 119, 19 L. Ed. 86.

Again, the statutes of South Dakota permit an appeal from the decision of the county court determining whether or not claimants are heirs of a deceased person and entitled to share in his estate to the circuit court of the state, a court of general jurisdiction, and authorize the trial of that issue there de novo. This appeal is a suit of a civil nature, and wherever the citizens of a state may secure a trial and decision of their controversies in its courts either by original suits, by appeals, or by other proceedings, citizens of different states have the right to the determination by the courts of the United States of like controversies between them which involve the requisite amounts. Act of Aug. 13, 1888, c. 866, § 1, 25 Stat. 433, 434 (U. S. Comp. St. 1901, p. 508); Ex parte McNeil, 13 Wall. 236, 20 L. Ed. 624; Davis v. Gray, 16 Wall. 203, 221, 21 L. Ed. 447; Cowley v. Railroad Company, 159 U. S. 569, 583, 16 Sup. Ct. 127, 40 L. Ed. 263; Darragh v. H. Wetter Mfg. Co., 78 Fed. 7, 14, 23 C. C. A. 609, 616; Richardson v. Green, 9 C. C. A. 565, 571, 578, 61 Fed. 423, 429, 435; National Surety Co. v. State Bank of Humboldt, 56 C. C. A. 657, 120 Fed. 593, 61 L. R. A. 394; Sawyer v. White, 122 Fed. 223, 227, 58 C. C. A. 587, 591; Barber Asphalt Paving Co. v. Morris, 66 C. C. A. 55, 132 Fed. 945, 949, 67 L. R. A. 761.

[1] As the United States Circuit Court for the District of South Dakota had jurisdiction of the suit of the complainants below it was its duty to proceed to try and decide it. The McClellans had the constitutional right to the speedy and independent opinion of the judge of the federal court upon the issues they presented and the fact that the state was litigating, or was about to litigate, in its own courts the same issues constituted no sound reason why a national court should delay to adjudicate them. McClellan v. Carland, 217 U. S. 268, 281, 30 Sup. Ct. 501, 54 L. Ed. 762.

Counsel insist, however, that the entire record which was before the court below, and which is now before this court for the first time, presents reasons for the stay of the complainants' suit which the portion of the record that was presented to the Supreme Court did not bring to its attention. The petition for leave to intervene in the court below, the answer thereto, and certain other proceedings were not presented to the Supreme Court, and counsel argue that these disclose the facts (1) that the proceedings in the county court were in rem, that the county court first obtained jurisdiction of the property of the estate,

and that this property is consequently now beyond the jurisdiction of the federal court, and (2) that the complainants are estopped from maintaining their suit in the court below because they had tried their case on the appeal of James S. McClellan in the state circuit court, and had been defeated before they commenced their suit in the United States Circuit Court. The first contention has been answered by the principles, rules, and authorities that have already been cited. Although the proceeding for the administration of the estate of John McClellan, deceased, is in rem, and although the estate is in the custody of the county court in trust for the heirs, nevertheless the federal court has plenary jurisdiction at the suit of an heir who is a citizen of another state to adjudicate his claim, and to enforce that adjudication by certifying it to the county court which must and will give it full faith, credit, and effect.

To the second contention there are several answers. First, the complainants deny in their return to the petition of the state to intervene by the oath of one of their attorneys that any of them, except James S. McClellan, has ever been a party to any of the proceedings in any of the state courts. No proof is presented upon this issue, and this court cannot presume or decide on the mere petition of the state that they were parties to those proceedings, or that they are estopped thereby. Second, the record before us is that the judgment of the state circuit court against James S. McClellan on his appeal is subject to a motion for a new trial and an appeal to the Supreme Court which he intends to urge. The result is that the question whether or not the issue of heirship presented by the suit below is rendered res adjudicata by the proceedings in the state courts may be presented by proper pleadings, may be heard upon evidence, and may be decided as to each of the complainants in the suit below in the federal court, but those claimants may not be deprived of a trial of that issue, or of any other pertinent issues in their case by the petition of the state to intervene in that suit, or by affidavits or stays.

The next alleged reason for the stay of the suit below is that the state is an indispensable party to that suit, and that it has not been made such. Conceding, without either admitting or deciding, that the state is an indispensable party, that fact may constitute ground for objection to the bill under rule 52 in equity, and if the state does not become a party, for the ultimate dismissal of the suit, or for a decree therein so limited that it may not injuriously affect any rights of the state; but it presents no valid ground for staying the prosecution of the suit below and preventing the hearing and determination of the issues it presents. It is possible that the state will again apply to that court for leave to intervene, and if it does so its application should in our opinion be granted.

[4] Finally, counsel for the defendant urge that because the appeal in the state circuit court and the suit below seek to subject the same property which is now in the custody of the county court to their adjudications of the same issues the suit below should not be permitted to proceed. The record in hand, however, fails to satisfy that the complainants below, John C. McClellan, William S. McClellan, Walter McClellan and Edmund McClellan, have ever been or are parties to

the litigation of those issues in the state courts. If they have not been, the court below first acquired jurisdiction of their claims to share in the trust estate in the hands of the administrator and of the right to enforce them, and, if they have been and are, the pendency of that litigation in the state court does not relieve the court below of its duty to proceed with all convenient speed to determine the issues in the suit before it, and to enforce its judgment as far as it may do so without unlawfully disturbing the legal custody of the property acquired by the state court. The pendency in a state court of a prior action or proceeding between the same parties for the same cause furnishes no ground for an abatement or for a stay of proceedings in a subsequent action in a federal court where no conflict arises between the courts over the custody or dominion of the property. And when a state court secures by proper process the custody or dominion of specific property, which it is one of the objects of the suit in the federal court to subject to its judgment or decree, the latter suit should not be stayed or dismissed, but should proceed as far as may be without creating a conflict concerning the possession of the property, and then, if need be, be stayed until the proceedings in the state courts have been concluded, or time for their termination has elapsed. Boatmen's Bank v. Fritzlen, 68 C. C. A. 288, 305, 135 Fed. 650, 667; Barber Asphalt Paving Co. v. Morris, 66 C. C. A. 55, 67, 132 Fed. 945, 949, 67 L. R. A. 761; Zimmerman v. So Relle, 25 C. C. A. 518, 521, 80 Fed. 417, 420; Williams v. Neely, 67 C. C. A. 171, 134 Fed. 1, 69 L. R. A. 232; Gates v. Bucki, 53 Fed. 961, 965, 4 C. C. A. 116, 120.

That there is no danger of a conflict over the possession of the property in these cases is patent because the law imposes upon the federal court the duty to render its decree, and if it be in favor of the complainants to certify it to the county court, and imposes upon that court, which has the legal custody of the property, the duty to give that decree effect. The court below should vacate its orders staying the prosecution of the suit of the McClellans and proceed to hear and decide it.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes