WELSH et al., Respondents, v. KRAUSE, Judge of County Court, Appellant.

(161 N. W. 189.)

(File No. 3960.   Opinion filed February 3, 1917.   Rehearing denied March 22, 1917.)

1.  **Prohibition—Enjoining County Court From Exercising Probate Jurisdiction—Prior Suit in Circuit Court to Quiet Title, As Bar to Probate—Statute.**

Where, after decedent's death, but before comencement of probate proceedings, certain heirs brought suit in circuit court, under Laws 1905, Chap. 81, to quiet title to realty constituting part of decedent's estate, held, that where, after the subsequent commencement of probate by petition of one of the heirs, of the alleged will of decedent, the circuit court, in issuing a peremptory writ of prohibition upon application of certain other heirs, enjoining the county judge from exercise of further jurisdiction over the estate, was in error; that, while Sec. 4 of said Chap., providing that the circuit court shall have jurisdiction in such action to quiet title, to determine who are heirs at law, devisees and legatees of a decedent who in his lifetime had any interest under, etc., in the realty, and to adjudicate upon the rights of heirs, etc., which adjudication shall be binding and valid upon the parties, etc., and that said court shall have jurisdiction "over the estate of any such deceased person, to make final settlement thereof, so far as may be necessary to a complete determination of the title to the premises involved," etc., which language evidences the legislative intent to confer upon said court full power to administer estates of deceased persons to the extent that such administration becomes necessary in a pending action for determination of conflicting claims to realty, which determination shall be final and complete; and while, under Act of Cong. of March 2, 1861, Sec. 9, under which Dakota Territory was organized, it was provided that the Supreme and district courts shall possess

chancery as well as common-law jurisdiction, and under Const., Art. 5, Sec. 14, the circuit courts are given original jurisdiction over all actions and causes both at law and in equity, which constitutional provision includes all equity powers that come within the scope of the term as it was understood at the time, and by these various provisions the circuit courts, in exercise of equity powers, are vested with the same jurisdiction over probate proceedings that was possessed by the federal courts at that time, yet this jurisdiction is a limited jurisdiction, exercisable only in special cases; and, the county courts being provided by law with all the means necessary for complete administration and distribution of estates of decedents, therefore courts of equity refuse to exercise general probate jurisdiction; and by reason of the constitutional provision (Art. 5, Sec. 20) conferring unlimited probate jurisdiction upon county courts, and because of the statutes enacted precedent thereto, it has become the settled policy of this state, that, except in special cases, all such matters shall, in the first instance be adjudicated in the county courts. Therefore the county court should be permitted to proceed in the ordinary and regular manner to probate said will; no reason having been shown, such as fraud, waste, and the like, or great lapse of time since decedent's death, that would warrant interference of a court of equity; and said writ of prohibition should be vacated.

2.  Courts—Probate Jurisdiction, versus Circuit Court Jurisdiction—Administration of Estates—Constitution, Statute, as Conflicting With.

Under Laws 1905, Chap. 81, conferring jurisdiction upon circuit court in suits to quiet title to realty, to determine who are heirs at law, devisees and legatees of any deceased person who had in his lifetime any interest in, etc., the realty, and to adjudicate upon rights of such heirs, devisees and legatees, etc., and conferring jurisdiction "of the estate of any such deceased person, to make final settlement thereof, so far as may be necessary to a complete determination of the title to the premises involved," etc., held, that jurisdiction of the circuit court does not necessarily conflict with Const., Art. 5, Sec. 20, conferring upon county courts "original jurisdiction in all matters of probate;" that the constitutional provision, while broad and comprehensive, does not purport to confer exclusive jurisdiction in all matters in probate on the county courts, nor does it divest any other court of any probate jurisdiction it may have acquired or possessed at the time of the adoption of the Constitution. Since earliest times in this country, and in England, courts of equity have exercised a limited jurisdiction in matters of probate; and said statute is not in conflict with said constitutional provision.

Appeal from Circuit Court, Brookings County. Hon. CARL G. SHERWOOD, Judge.

Petition of Elizabeth McDonald, and others, against W. A. Krause, Judge of County Court of Moody County, in the Circuit Court of Brookings County, for a writ of prohibition enjoining said judge from exercising further jurisdiction over the estate of Patrick Flemming, deceased. From a judgment and order so enjoining said county judge, the defendant appeals. Judgment and order reversed.

*Rice & Rice,* for Appellant.

: *Hall, Alexander & Purdy,* for Respondents.

(1) To point one of the opinion, Appellant cited: State v. McDonald, 104 Pac. 967 (971); Territory v. Bramble, 2 S. D. 189 (199); Anderson v. Anderson, 112 N. Y. 104; Pom. Eq. Jr. 1158, and note; Apperson v. Cottrell, (Ala.) 29 Am. Dec. 237 (242); Kieley v. McGlynn, 88 U. S. 503, 22 Law Ed. 599; Townsend v. Townsend, 4 Coldwell, 70, 94 Am. Dec. 184; Daniel v. Pattison, (Cal.) 27 Pac. 651; Roberts v. Roberts, (Cal.) 142 Pac. 1080; Anderson v. Appleton, N. Y. Ct. of Appls. 2d L. R. A. 175; Burnham v. Norton, (Wis.) 75 N. W. 304 (306); Rosenberg v. Frank, 58 Cal. 387 (403); State v. Lancaster, 105 S. W. 858, 14 L. R. A. (N. S.) 991, and note; 8 Standard Cyc. of Procedure, 412; Story Eq. (13 ed.) p. 194, and note Wills excepted, id., p. 199.

Respondents cited: Laws 1905, Chap. 81, Sec. 4; Berry v. Howard, (S. D.) 146 N. W. 577.

(2) To point two of the opinion, Respondents cited: Robinson v. Fair, (U. S. Sup. Ct.) 32 L. Ed. 415; Bors v. Preston, 111 U. S. 252, 28 L. Ed. 419; Crowell v. Lambert, 10 Minn. 369 (Gil. 295); Const., Art. 5, Secs. 14, 20; Laws 1890, Ch. 78; Burks v. Walker, (Okla.) 109 Pac. 544; Pomeroy's Eq. Jur., Vol. 3, p. 2249, et seq.; Mutual Fund Life A'ssn., 9 S. D. 596, 62 Am. St. Rep. 887, 70 N. W. 943; McClellan v. Carland, 217 U. S. 280, 54 L. Ed. 762; Little v. Birdwell, 21 Texas, 597, 73 Am. Dec. 242; Moulton v. Smith, 16 R. I. 126, Am. St. 728; State v. Issenhuth, (S. D.) 148 N. W. 9; Sharpe v. Sharpe, 72 N. E. 1058; Bartlett v. Manor, (Ind.) 45 N. E. 1060; Glasscott v. Warner, 20 Wis. 686; Vine v. Jones, 15 S. D. 54, 82 N. W. 82.

POLLEY, J.   This is an appeal from a peremptory writ of prohibition, issued by the circuit court of Brookings county, directed to the county judge of Moody county, enjoining the said county judge from exercising jurisdiction in the matter of the estate of a deceased person.   The decedent, Patrick Fleming, died in Moody county on or about the 25th day of May, 1915. He left surviving him as heirs at law, two daughters and the children of a deceased daughter, who are the plaintiffs in this action, and one son, Francis Fleming.   Prior to his death the said Patrick Fleming was seised in fee of several tracts of real property situated in Moody and Brookings counties; and on the 28th day of July, 1915, the plaintiffs in this action commenced an action in the circuit court of Brookings county for the purpose of quieting title in themselves to an undivided three-fourths interest in and to said real property.   The said action was commenced under the provisions of chapter 81, Laws 1905, and the said Francis Fleming, the executors, administrators, heirs at law, devisees, legatees, and creditors of Patrick Fleming, and all persons unknown who may have, or who may claim to have, any estate or interest in or lien or incumbrance upon the said real property of Patrick Fleming, deceased, are made defendants.

On the 20th day of August, 1915, the defendant Francis Fleming appeared and answered the complaint of the plaintiffs in said action.   In his answer said defendant claimed to be the owner in fee of the whole of said real property, and based his claim of ownership upon an alleged grant by deed from the said Patrick Fleming, dated April 17, 1912, and also set up an alleged last will and testament of the said Patrick Fleming, dated the 7th day of May, 1910, and in which he is named as residuary legatee.   Defendant also by his answer called upon the said plaintiffs to set forth the source of their claim to said real property, and prayed that title thereto be quieted in him.   To this answer plaintiffs interposed a reply, in which they denied the making of the said will or the said conveyance of the said real property, and alleged that said Patrick Fleming died intestate and while seised in fee of the whole of said real property.   On the following day, after serving his answer, said defendant Francis Fleming filed the said last will and testament, together with a petition for the probate thereof, in the county court of

Moody county. On the day set for hearing the said petition the plaintiffs herein appeared in the said county court and objected to the further exercise of jurisdiction over the said estate by the said county court, and moved the dismissal of the petition for probate of said last will and testament of Patrick Fleming upon the following ground:

"That the circuit court within and for the county of Brookings, * * * being a court of general jurisdiction, and having a concurrent jurisdiction in probate matters with the county courts of this state, first acquired jurisdiction to determine who are the heirs at law, devisees, and legatees of the said Patrick Fleming, deceased, and to make an adjudiciation upon the right of such heirs, devisees, and legatees and of all creditors of said decedent, and to make final settlement of the estate of said decedent in an action in said circuit court (wherein the plaintiffs are the same as the plaintiffs in this action), and Francis Fleming and the executors, administrators, heirs at law, devisees, legatees, and creditors of Patrick Fleming, deceased, and all persons unknown who may have, or who claim to have, any estate or interest in or lien or incumbrance upon the real property hereinafter described, are defendants, which action was brought under and by virtue of the provisions of chapter 81 of the Session Laws of 1905 of the state of South Dakota, and involved all of the real estate and all property of the said Patrick Fleming, deceased."

This motion was denied, and said county court proceeded with the administration of said estate. The plaintiffs then applied to the circuit court of Brookings county for a writ of prohibition, and, upon the foregoing facts, said circuit court issued a peremptory writ of prohibition enjoining the judge of said county court from the exercise of further jurisdiction over the said estate.

[1, 2] Plaintiffs base their claim in the premises on the provisions of chapter 81, Laws 1905, and a disposition of the case requires a determination of the meaning of certain portions of that chapter and the extent, if at all, to which it confers jurisdiction of the estates of deceased persons upon the circuit courts of this state. In addition to authorizing the commencement of an action by any person having or claiming to have an interest in real property, whether in or out of possession thereof, against any

and all persons, known or unknown, claiming adversely to such persons and providing the manner of acquiring jurisdiction of such adverse claimants, said chapter contains the following provisions:

"Sec. 4. The court shall have jurisdiction in such action to determine who are the heirs at law, devisees and legatees of any deceased person who had in his lifetime any interest in or lien or incumbrance on the premises involved between themselves, as well as with respect to the rights of the plaintiff, and to make an adjudication upon the rights of such heirs, devisees and legatees and of all creditors of such deceased persons in and to such premises, which shall be valid and binding upon them and upon all the world, and if such heirs at law, devisees and legatees of such deceased person and the creditors of such deceased person and the unknown defendants in said action, or any of them, shall fail to appear in such action and set forth and assert their interest in or claim to the premises involved, they shall be by the judgment and decree of the court forever barred and enjoined from thereafter claiming or asserting any title or interest in or lien or incumbrance upon or claim to the premises involved in the action. From the time of the publication of the summons, as hereinafter directed, the circuit court shall have jurisdiction of the estate of any such deceased person, to make final settlement thereof, so far as may be necessary to a complete determination of the title to the premises involved, or of the interest or lien of any party or parties therein."

This language is as broad in its scope as it could possibly be be made, and there can be no doubt that it was the legislative intent, when said law was enacted, to confer upon the circuit court full power to administer estates of deceased persons to the extent that such administration becomes necessary in a pending action for the determination of conflicting claims to real property; and it is also clear, from the language used in the last sentence of the above section, that the determination of the circuit court is to be final and complete. But it is contended by the appellant that, as so construed, said section conflicts with the provisions of section 20, art. 5, of the Constitution. This section, so far as it applies to this case, reads as follows:

The "county courts  *  *  * shall have original jurisdiction in all matters of probate.  *  *  *"

This language, while it is broad and comprehensive, does not purport to confer exclusive original jurisdiction in all matters in probate on the county courts, nor does it divest any other court of any probate jurisdiction it may have acquired or possessed at the time of the adoption of the constitution. Since the earliest times in this country, and in England as well, courts of equity have exercised a limited jurisdiction in matters in probate, and this jurisdiction is still retained by the federal courts. McClellan v. Carland, 187 Fed. 915, 110 C. C. A. 49; 1 Story's Eq. Juris. § 532 et seq.; Attorney General v. Cornthwaite, 2 Cox, Ch. 44; Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Byers v. McAuley, 149 U. S. 608, 610, 620, 621, 13 Sup. Ct. 906, 37 L. Ed. 867; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 43, 30 Sup. Ct. 10, 54 L. Ed. 80; Green's Adm'x v. Creighton, 23 How. 90, 93, 16 L. Ed. 419; Borer v. Chapman, 119 U. S. 587, 598, 599, 7 Sup. Ct. 342, 30 L. Ed. 532. In McClellan v. Carland, supra, the court say:

"When the owner of property dies, his estate is immediately impressed with a trust for the benefit of his creditors, heirs, and legatees. The High Court of Chancery in England had jurisdiction to enforce this trust. . The national courts in equity as a part of their original jurisdiction derived from that court have plenary power at the suit of any proper heir, legatee, or creditor to enforce this trust against any occupants, executors, administrators, or parties into whose control any part of the trust estate has come."

By section 9 of the act of Congress approved March 2, 1861, under which act Dakota Territory was organized (12 Stat. 239, c 86), it was provided that the Supreme and district courts should possess chancery as well as common-law jurisdiction. The same provision is found in the organic law of South Dakota, and by section 14, art. 5, of the Constitution it is provided that:

"The circuit courts shall have original jurisdiction of all actions and causes, both at law and in equity."

This provision of the Constitution included all the equity powers that come within the scope of the term as it was understood at that time; and by these various provisions the circuit courts of the state, in the exercise of their equity powers, are vested with the same jurisdiction over probate proceedings that

was possessed by the federal courts at that time. Schmidt v.
Schmidt, 47 Minn. 451, 50 N. W. 598. This, however, is a lim-
ited jurisdiction, and one that will be exercised only in special
cases: Waterman v. Louisiana B. & T. Co., 215 U. S. 33, 30
Sup. Ct. 10, 54 L. Ed. 80; Byers v. McAuley, 149 U. S. 608, 13
Sup. Ct. 906, 37 L. Ed. 867. The county courts are provided by
law with all the means necessary for the complete administration
and distribution of the estates of decedents; and it is for this
reason principally that courts of equity refuse to exercise general
probate jurisdiction. Kieley v. McGlynn, 21 Wall. 503, 22 L.
Ed. 599. By reason of the constitutional provisions conferring
unlimited probate jurisdiction upon the county courts, and be-
cause of the statutes enacted pursuant thereto, it has become the
settled policy of the law of this state that, except in special cases,
all such matters shall, in the first instance, be adjudicated in the
county courts; and this appears to be the settled policy in nearly
all the states of the Union. 1 Pom. Eq. Juris. §§ 346-352. At
section 349 this learned author, in discussing that matter, says:

"Unless the case involves some special feature or exceptional
circumstances of themselves warranting the interference of equity,
such as fraud, waste, and the like, or unless it is of such an
essential nature that a probate court is incompetent to give
adequate relief, or is one of which the probate court, having
taken cognizance, has completely miscarried and failed to do
justice by its decree, the courts of equity will refuse to interpose
and to exercise whatever dormant powers they may possess, but
will leave the subject-matter and the parties to the jurisdiction
of the statutory forum, which the Legislature plainly regarded as
sufficient and intended to be practically exclusive. According to
this theory, the courts of equity do not deny the existence of any
jurisdiction over administrations; but they treat their own juris-
diction as auxiliary and supplementary, and not as concurrent,
only to be exercised in the exceptional cases where the probate
jurisdiction is confessedly inadequate, or has actually shown
itself insufficient."

The same doctrine is approved by the following cases: Burn-
ham v. Norton, 100 Wis. 8, 75 N. W. 304; Catlin v. Wheeler, 49
Wis. 507, 5 N. W. 935; Meyer v. Garthwaite, 92 Wis. 571, 66

N. W. 704; Batchelder v. Batchelder, 20 Wis. 452; In re Klein, 95 Wis. 246, 70 N. W. 64.

No reason is shown or sugested in this case why the county court of Moody county should not be permitted to proceed in the regular and ordinary manner to probate the will of Patrick Fleming, and no reason has been shown, such as fraud, waste, and the like, or great lapse of time since the death of the decedent, that would warrant the interference of a court of equity; and, in the absence of any such reason, the county court of Moody county should be permitted to proceed with the probate of the will of the decedent.

The circuit court of Brookings county is therefore directed to vacate and set aside the peremptory writ of prohibition issued herein, and in the further consideration of the action brought by plaintiffs herein to quiet title to determine only such issues as pertain to the alleged transfer by deed.

The judgment and order appealed from are reversed.