**ROSEN et al. v. HALEY et al.**

No. 9021(2).

United States District Court
E. D. Missouri, E. D.

June 18, 1953.

Paul B. Rava, of St. Louis, Mo., for plaintiffs.

John H. Haley, Sr., of Bowling Green, Mo., Thomas R. McGinnis, Edw. C. Friedewald, Alexander Goodman, Jesse E. Bishop, Kramer & Chused, Sheridan and Goodenough, and P. R. Goodenough, of St. Louis, Mo., for different groups of the 44 defendants.

HULEN, District Judge.

Henrietta Haley, a defendant in this case, has filed a motion to stay proceedings, after suffering an adverse ruling on a motion to dismiss. She is joined by one additional defendant.

Our memorandum in ruling on motion to dismiss, although short, was ample, we thought, to inform the parties of our views. Yet the present motions and briefs filed indicate that neither side appears to appreciate the reasons given for our previous ruling which also reflects the reason for the ruling on the present motion. Nevertheless we adhere to them. The motions to stay proceedings will be overruled.

This case presents a possibility of protracted litigation which could be the outgrowth of creation of conflicting jurisdictional claims between this court and the State court. This suit is one for partition of lands. Prior to the filing of this suit some of the heirs, and parties, filed a suit for partition in the State court. That case is still pending. After it was filed, by re-arrangement of parties, this suit, as a diversity case, was filed seeking the same relief. The ultimate issue on motions so far presented is which of the parties plaintiff shall have priority.

■ We gave as authority for our ruling a case from this Circuit, Mound City Co. v. Castleman, 187 F. 921, 927. This was a partition suit filed in Federal court subsequent to a like case being filed in the State court. Just as here, a plaintiff in the State court case sought a stay of proceedings in the Federal action. The court declares the law:

"When the court below discovered that there was a prior suit pending in

the state court between the same parties concerning the same specific property that court should not have stayed the prosecution of this suit, but should have proceeded with it as far as it could do so without creating a conflict regarding the possession or disposition of the property, and then, if there had been need to do so, it should have stayed its hand until the proceedings in the court of co-ordinate jurisdiction regarding the property were concluded or ample time for their termination had elapsed or that court had relinquished dominion."

We do not know how the. English language could be used to more plainly chart the course for an inferior court on the present issue.

We know of no action taken by any party to this suit in this court since we overruled the motion of Henrietta Haley to dismiss. We find nothing in the present record justifying the presentation of the instant motion. If and when any proceeding is about to be taken in this case which movant considers would create a conflict regarding the possession or disposition, by the State court, of the specific property involved, application can then be made to stay that particular proceeding. A ruling would call for consideration: Has the State court had ample time to dispose of the pending proceeding; has it been concluded or has the State court relinquished jurisdiction over the subject matter. Such is the mandate of the Mound City case.

The plaintiff in resisting the present motion raises some points, comment on which we believe may help keep this case from becoming ensnarled by conflicting jursidictional claims, which because of their effect on the interests and rights of the parties would reflect no credit on our judicial processes and the administration of justice by the courts. This aspect of the case presents a matter of concern to this court.

Plaintiff cites McClellan v. Carland, 8. Cir., 187 F. 915, 916. Plainly this case is not in point on the present controversy. In the McClellan case the bill stated that plaintiffs:

"* * * were his (deceased and source of title) heirs, and they prayed a decree to that effect, that they were entitled to receive the estate in the hands of the administrator * * *."

It also set:

"* * * forth the case of the sole heirs of the estate of a deceased person which has been so completely administered that all the debts of the deceased have been paid, and prays that the remaining estate of the deceased in the possession of the special administrator be decreed to be held by him in trust for them."

The Court held that:

"The fact that this property is in the possession and legal custody of an officer of the county court of the state which has probate jurisdiction is no obstacle to the decree sought or to its enforcement, because it is the duty of that court and of its officers to enforce the decree of the court below when rendered and certified to it, and the presumption is that it will do so."

The controlling fact in the case now before us is that specific property is involved and the State court acquired jurisdiction over that property before this case was filed. In the McClellan case plaintiffs were not attempting to have the court take jurisdiction of specific property let alone oust a State court from such jurisdiction. But the opinion did recognize the law which would be called into play if that were the issue.

"The pendency in a state court of a prior action or proceeding between the same parties for the same cause furnishes no ground for an abatement or for a stay of proceedings in a subsequent action in a federal court where no conflict arises between the courts over the custody or dominion of the property. And when a state court secures by proper process the custody or dominion of specific property, which it is one of the objects of the suit in the federal court to subject to its judgment or decree, the latter suit should not be stayed or dismissed, but should proceed

as far as may be without creating a conflict concerning the possession of the property, and then, if need be, be stayed until the proceedings in the state courts have been concluded, or time for their termination has elapsed."

Judge Sanborn wrote the opinion in the McClellan case. It was filed on April 27, 1911. Judge Sanborn also wrote the opinion in the Mound City case. It was filed on May 8, 1911. Doubtless both opinions were being considered and formulated near the same time. The Mound City case is a partition suit like the one pending before us. We quote the following from the Mound City opinion which applies with decisive force to the present issue in the case before this court:

"The fact clearly appeared from the petition as soon as it was filed in the suit in the state court that it would become necessary to a complete determination of the issues tendered and to the enforcement of the decree sought for that court to exercise its dominion over the specific land described in the petition and to divide or sell it. The commencement of that suit, therefore, withdrew that land from the jurisdiction of the federal court below and from the jurisdiction of every other court so far as necessary to give effect to the final decision and decree in the state court and gave to that court the power to retain the control over it requisite to protect the titles of those who should hold under its decree."

The above declaration of law is sufficient to satisfy this court of the required ruling on the pending motion. It is amplified further by this declaration:

"The court which first acquires the lawful jurisdiction of specific property by the seizure thereof or by the due commencement of a suit from which it appears that it is or will become necessary to a determination of the controversy involved or to the enforcement of its judgment or decree therein for the court to seize, to charge with a lien, to sell or to exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other

court so far as necessary to accomplish the purpose of the suit, and entitles that court to retain control of it requisite to effectuate its final judgment or decree therein free from the interference of every other tribunal."

Plaintiffs insist they should be allowed to proceed in this action because the relief sought is different from that prayed for in the State court action. Plaintiffs here pray for division of the property in kind. The petition in the State court action prays for a sale of the property. This is a distinction without a difference. The State of Missouri provides by statute in suits of this kind that the property shall not be sold if it can be divided in kind. Sections 528.240, 528.250 and 528.340 RS Mo 1949, V.A.M.S. As a practical matter it is our opinion that to divide the many tracts described in the pleadings among the large number of heirs named, with varying degrees of interest, would present a vexing problem—to put it mildly.

Plaintiffs also emphasize the failure of the original pleadings in the State court action to include all the land and all the parties in interest. Not the same but a kindred question was presented in the Mound City case:

"Although the summons in the suit in the state court was not issued until March 25, 1907, and was not served until May 13, 1907, 11 days after the suit in the federal court was commenced, yet the former suit was commenced and the state court acquired the legal custody of the land on March 20, 1907, when the petition in that suit was filed. A suit is commenced by the filing of the petition or bill with the honest intention to prosecute the suit diligently provided there is no detrimental or unreasonable delay in the subsequent issue or service of the process."

The omission of some of the lands and some of the parties in the original State court pleading has been corrected by amendment. Such amendments are within the court's discretion to allow. That either some of the parties in interest or some of the land to be partitioned was omitted in the original pleading may be cured by amendment and does not furnish grounds for another suit of the same character between the same parties. Bock v. Whelan, Mo.Sup., 30 S.W.2d 607.

It has not been suggested how plaintiffs in this case can be prejudiced by failure of the original pleading in the State court to include all the land and all the parties. We know of none. Whether the land in question is sold and the proceeds divided, or the land is divided in kind among the heirs, the proceedings under the State court action will take place in the City of St. Louis, the same as it would if the case proceeded to final disposition in this court. There is no reason to believe the lands would sell for a higher price if sold by an officer of this court than if sold by an officer in the State court. Division in kind, by commissioners, could be no more satisfactory to the parties if resulting from orders of the State court than if it was the order of a Federal court. We see no logical reason nor why it is to the advantage of any of the parties that at this stage of the proceedings this court should attempt to oust the State court of its jurisdiction. We use the term "attempt" advisedly. Since this is a diversity case, this court is acting as just another State court. Any attempt to secure jurisdiction of a property held by a different State court would be an unseemly act on the part of this court, in our opinion. Only for the clearest and most compelling reason, in the interest of justice, will we embark on such an enterprise. Of course under the statutes of Missouri plaintiffs' attorneys in a partition suit receive compensation based on the value or amount of sale of the property, to be fixed by the court, Section 528.530 RSMo 1949, V.A.M.S., but no motives of this character can be presumed to actuate any counsel in this case.

Motions to stay are overruled.